## SLOCUM vs. DAMON and another.

1. ARBITRATION AND AWARD. A submission to arbitration is to be expounded, not according to the strict technical meaning of its words, but according to their popular signification.

2. SAME. Awards are to be construed liberally, and no intendment will be indulged in to overturn an award, but every intendment will be allowed to support it.

3. SAME. It is essential to an award that it should make a final disposition of the matters submitted, that they may not become the subject of future litigation between the parties.

4. SAME. A submission of "differences which had arisen relative to an alleged injury committed by A. to a horse the property of B. and C." to an arbitrator, to determine "whether the said A. was liable for the damages occasioned to the horse under the circumstances, with costs," is a submission not only of the question of legal liability, but also of

its extent, and authorized the arbitrator to determine and award the amount of the damages sustained.

5. SAME. An award made without notice to the parties is a nullity, but it is not necessary that the fact that notice was given should appear on the face of an award, and it will be taken *prima facie* to have been regularly made, when there is nothing on its face to impeach it.

6. SAME. Where a submission provided that six days' notice should be given to the parties, and the award showed that it was made upon notice to the parties, and that they appeared and proceeded with the trial before the arbitrator, the presumption is that notice was given according to the terms of the submission.

ERROR to the District Court for *Racine* County.

The case is stated in the opinion of the court.

*F. S. Lovell*, for plaintiff in error.

1. The arbitrator exceeded the authority conferred by the submission. The submission was merely of the question of Slocum's *liability*, and the arbitrator had no authority to determine the amount of damages. *Gear v. Bracken, ante; Bacon v. Wilber*, 1 Cow. 117; *McBride v. Hagan*, 1 Wend. 326.

2. The plaintiff should have proved that six days' notice was given of the hearing before the arbitrator. This was one of the requirements of the submission, and without a compliance with it the arbitrator had no right to proceed. 6 Cow. 103.

*J. B. Jilsun*, for defendant in error.

1. Awards are to be liberally construed to effectuate the intention of the parties, and the rule that an award of any thing beyond the submission is void, is not so strictly applied as to extend to every thing beyond it; if the award be of any thing depending on the principal it is good. Kyd on Awards, 146, 170; *McKinstry v. Solomons*, 13 Johns. 27; *Munro v. Allaire*, 2 Caines, 320; *Karthaus v. Ferrer*, 1 Pet. 228; *White v. Berry*, 12 Wend. 377; 5 id. 270; 2 Johns. 57.

2. The award shows that it was made upon notice to the parties, and that both parties appeared and proceeded to a hearing. By proceeding to a hearing without objection as to notice, the plaintiff waived the point, and cannot insist upon it now.

MILLER, J.   It appears that the plaintiff in error had executed to the defendants in error a bond, in the nature of an arbitration bond, in which is recited that, "whereas certain differences have arisen between the said *Slocum* and the said *Damon* and *Southworth*, relative to an alleged injury committed by the said *Slocum* to a gray horse, the property of the said *Southworth* and *Damon;* and whereas, the said *Slocum* and the said *Damon* and *Southworth* have this day agreed to submit the matter in dispute to Joseph V. Quarles, sole arbitrator, indifferently chosen by the parties, to decide between the parties, whether the said *Slocum* is liable for the damages occasioned to the horse in question, under the circumstances, with costs to abide the event; the hearing to be held on six days' notice from either party." The arbitrator reported within the time prescribed, whose report is : "That the matter of difference was, on notice to both parties, brought on before me on the 6th day of December, 1843, and after having heard, examined and considered the allegations, witnesses and evidences of both parties, do award that the said *Cyrus Damon* and *Ezra C. Southworth* do recover of the said *William B. Slocum* the sum of $70 and costs of reference.

Suit was brought for the recovery of the amount of this award, and upon the trial of the same in the district court, objections were raised, that the arbitrator exceeded his authority, and that he had not given the notice of the time and place of the hearing, according to the terms of the submission; which said objections were overruled, and a verdict and judgment were rendered for the plaintiffs. To reverse which, this writ of error was sued out. These objections are assigned for error.

The recital in the bond, that "certain differences have arisen relative to an alleged *injury, committed* by *Slocum* to the horse," tends to explain the submission. Here the injury to the horse is acknowledged, and liability is presumed legally to follow. The arbitrator is to decide whether *Slocum* is liable for the damages occasioned to

the horse, under the circumstances, with costs. It can scarcely be presumed that the parties did not intend to submit the amount of the liability with the question of liability. It is not presumable that the parties would incur costs and expenses in merely having a legal question of liability tried, and then have another trial for the amount of such liability. Such a construction is to be given to the submission, as to give it full effect, and to meet the intention of the parties, which no doubt was, to have their difficulties settled without further litigation and expense.

Awards are to be construed liberally. *Peters v. Pierce*, 8 Mass. 398. It is a settled rule in the construction of awards, that no intendment shall be indulged in to overturn an award, but every intendment shall be allowed to support it. *Carthaus v. Ferrer*, 1 Pet. 227 ; Cowen and Hill's Notes, 1027, 1028 ; Kyd on Awards, 27, 146 ; *Lyman v. Arms*, 5 Pick. 213. A submission is to be expounded, not according to the strict technical meaning of the words, but according to their signification in common parlance. *Munro v. Allaire*, 2 Caines, 320. And a submission touching divers other matters, as well as those particularly mentioned, is equivalent to a general submission of all questions between the parties, and under it general releases may be awarded.

The amount found and reported, is virtually a finding of defendant's liability. An award that plaintiff recover a certain sum is sufficient, when but one cause of action is set forth. *Forseth v. Shaw*, 10 Mass. 253. An award that defendant recover the costs of the action is a sufficient determination of claims submitted by the plaintiff. *Buckland v. Conway*, 16 Mass. 396. An award against the plaintiff's demand, with costs for the defendant, but not referring to an account in offset, filed by the defendant, is sufficient, although the action and all demands were submitted. *Hodges v. Hodges*, 9 Mass. 320. Also, upon the construction of awards, see *Innes v. Miller*, 1 Dallas, 188 ; *Kunckle v. Kunckle*, id. 365.

It is essential that the award should make a final disposition of the matters submitted, so that they may not become the subject of future litigation between the parties (*Waite* v. *Barry*, 12 Wend. 375), where it is decided that arbitrators, to whom a subject in controversy is submitted, to determine the rights of the parties, are authorized to direct the payment of such sum of money, growing out of such controversy, as they find due from one to the other.    That case is similar to the case under consideration.    The parties agreed to refer to arbitrators "the subject of a difference between them respecting the one-eighth part of a lottery ticket, and the prize thereunto;" which was decided by the court to embrace the question of payment, as well as the sale of the ticket and the liability ; and that the report of a certain sum was sufficient.    The court also remark, that it is not to be presumed that the arbitrators decided upon matters not in dispute, or in relation to which evidence had not been given.

The rule, that an award of any thing beyond the submission is void, is not so strictly interpreted as to extend to every thing literally beyond it; if the award be of any thing depending upon the principal it is good.    Kyd on Awards, 146,147.    Where the submission was, "of all suits and controversies between the parties concerning tythes of corn and hay in a certain parish," the arbitrator awarded forty pounds, to be paid by defendant to plaintiff, before a certain day ; in consideration of which the latter should permit all suits and controversies between the parties to cease, and that they should be no further prosecuted ; the award was sustained as not too general.    Kyd on Awards, 121.    If two partners refer all matters in dispute between them, the arbitrators may dissolve the partnership.    Kyd, 149 ; *Green* v. *Herring*, 1 Blackf. 475.    So between masters and apprentices, they may award the indentures of apprenticeship to be delivered up.    1 Bacon's Abr. 214.    A submission of all matters between plaintiff and another, and an award made of

things that the party hath in right of his wife, is good. 1 Bacon's Abr. 214. In *Noble* v. *Peebles*, 13 Serg. & R. 319, by the submission, the parties agreed "to have all business and estate in dispute between them referred to five persons to determine between them," which was considered by the court to include prosecutions of assault and battery.

The rules established, respecting the construction of awards, are more liberal than formerly; and as arbitrators are judges of the parties own choosing, for the furtherance of justice, and quieting of controversies, the courts have of late construed their awards with great latitude. Two of the essentials of an award are, that it must be certain and final. Now in this case, differences arose between the parties, relative to an acknowledged injury committed by *Slocum* to a horse, the property of plaintiffs. The parties agreed to submit to the arbitrator to decide whether said *Slocum* was liable for the damages occasioned to the horse, with costs. The legal liability was not alone the question submitted, but the extent of the liability under all the circumstances, was the principal question, which could not be found, finally and fully, without reporting the amount to be paid. The arbitrator was authorized to report with costs, which affords an additional reason for believing that the report is substantially as the parties intended it should be. We are satisfied that they intended the award to be complete and final.

There is no doubt, but an award made without giving notice to the parties, so that they can be heard before the arbitrator, is a nullity. *Peters v. Newkirk*, 6 Cow. 103. But it is by no means necessary that it should appear on the face of the award that due notice was given. In this case the cause was heard by the arbitrator, in the presence of the parties, and within the time limited by the submission. The arbitrator reports, that on notice to both parties the cause was tried, and that both parties attended and took part in the trial. The presumption is,

that the notice to the parties was given according to the submission. The parties having attended on notice, and submitted their proof and allegations to the arbitrator, there is no necessity for setting forth in the report the nature and time of the notice. *Prima facie*, the award is to be taken to have been regularly made, when there is nothing on its face to impeach it. This point raised respecting the notice, is settled in the case of *Lutz v. Linthicum*, 8 Pet. 165. The award on this subject is sufficient.

The judgment of the district court must be affirmed, with costs.