See note to this case in 33 Alb. L. J. 230.— REP.

CALL, Respondent, vs. BALLARD, Appellant.

*January 14—February 2, 1886.*

*Arbitration and award.*

Although an award does not specifically pass upon each question submitted, yet it may be sustained if, by a liberal construction, the amount awarded appears to be a balance struck after a full consideration of all the matters involved in the submission.

APPEAL from the Circuit Court for *Rock* County.

The case is thus stated by Mr. Justice CASSODAY:

"The following facts are, in effect, alleged in the complaint in this action, which is based upon an award of arbitrators and to recover the amount awarded:

"October 9, 1882, the plaintiff commenced an action in the circuit court for Rock county to recover for work, labor, and services performed for the defendant by the plaintiff, his wife, team, and horses, and for the use of wagon, harnesses, tools, implements, etc., and for money, calf, hay,

and property furnished and delivered to and used by the defendant, aggregating in all $483. The defendant answered, and, besides a general denial, alleged in effect that all the work, labor, and services so alleged by the plaintiff to have been performed, and the use of wagon, harness, tools, implements, etc., and the money and property so claimed to have been furnished and delivered, were performed, used, furnished, and delivered by the plaintiff and one Eddy Ballard, as copartners, and for themselves, in working the defendant's farm on shares, or else paid for in full; that July 8, 1882, the plaintiff sold all his right, title, and interest in the crops and proceeds of said farm, and of his labor and services rendered thereon, and received his pay therefor, and relinquished to his said partner, Eddy Ballard, all claims to the same; that July 8, 1882, the plaintiff abandoned the lease and farm, to the defendant's damage $300; and the defendant also pleaded a counterclaim amounting to. $140. The plaintiff's reply denied everything set up by way of defense and counterclaim.

"January 2, 1883, the plaintiff and defendant agreed in writing under their hands and seals, in effect, that 'the matters of difference between them, as set forth in the complaint, answer, and replication therein and [thereto] annexed,' should all be submitted to three arbitrators therein named, or any two of them, for final determination, and that such determination should be conclusive. The three arbitrators named met, pursuant to appointment, and took the requisite oath, March 9, 1883, and at the same time the parties both appeared with their respective attorneys and witnesses, and each presented his evidence and arguments to said arbitrators in the presence of each other; and the said arbitrators, after retiring and deliberating upon the matter, did make their award thereon in writing, March 10, 1883, which, among other things, recited, in effect, the facts above

stated, and that certain controversies had arisen between the parties; that a suit had been commenced thereon, as appeared from the papers annexed thereto, including the complaint, answer, and reply in the original action, and the said submission; and that, 'after receiving, hearing, and fully considering the allegations, proofs, circumstances, and representations of the said parties concerning the subject matter referred to' them, they did award and determine that the defendant pay, or cause to be paid, to the plaintiff, ' for his said labor and services and other charges,' the sum of $220, and $25 costs in the circuit court, and $7.75 for his fees of witnesses on the trial before them, and $12 for fees of arbitrators,— all to be paid within thirty days from that date.

" The complaint, answer, and reply in the original action in the circuit court, the agreement in writing to submit to arbitration, the oath of the arbitrators and their award, all of which are annexed to said award and referred to therein by proper recitals, are all set out in the complaint in this action *in extenso*. To this complaint the defendant demurred on the ground that it failed to state facts sufficient to constitute a cause of action. From the order overruling the demurrer the defendant appeals."

For the appellant there was a brief by *M. S. Prichard* and *Sale & Pierce*, and oral argument by *Mr. Prichard*. They contended, *inter alia*, that the validity of the award depends wholly upon the articles of submission, and it must conform thereto and embrace the whole of the subject matter submitted. *Pettibone v. Perkins*, 6 Wis. 624; *Houston v. Pollard*, 9 Met. 169, 170; *Dundon v. Starin*, 19 Wis. 266–7; *Rider v. Fisher*, 3 Bing. N. C. 874. The failure of the arbitrators to pass upon all of the matters submitted is fatal to the whole award. *Canfield v. Watertown F. Ins. Co.* 55 Wis. 426; *Randall v. Randall*, 7 East, 81; *Colcord v. Fletcher*, 50 Me. 398; *Wright v. Wright*, 5 Cow. 197.

*David L. Mills*, for the respondent.

CASSODAY, J. The only objection made to the complaint is that the award is void by reason of the arbitrators having failed to fully determine all the questions submitted to them. It is true that all the matters of difference between the parties, and at issue in the original action, were submitted to the arbitrators. The award does not in express terms specifically pass upon each and every issue made by the pleadings. But the recitals given indicate that they were all considered and passed upon by the arbitrators. The amount awarded was very much less than the amount claimed by the plaintiff in the original action, and was, as we think, found by the arbitrators as a general balance in favor of the plaintiff and against the defendant, after fully considering the defendant's answer and the proofs upon his counterclaim and matters of defense. Like a general verdict, it was the general balance struck by the arbitrators upon all the issues made by the pleadings and established by the proofs. True, this is giving to the award a liberal construction; but such is the construction we are required to give. *Slocum v. Damon,* 1 Pin. 520; *Dolph v. Clemens,* 4 Wis. 186; *Bancroft v. Grover,* 23 Wis. 463; *McCourt v. McCabe,* 46 Wis. 597. The cases cited by the learned counsel for the defendant are not in conflict with the rule stated, and, under the construction thus given to the award, they are clearly distinguishable.

The matters of costs, fees, etc., were expressly provided for in the submission, and no objection is made to the award on their account.

*By the Court.*— The order of the circuit court is affirmed.