[No. 5260.   Decided March 23, 1905.]

FRANK B. POOR, *Respondent*, v. EDWARD CUDIHEE *et al.,*
*Appellants.*[1]

APPEAL—REVIEW—STATEMENT OF FACTS IN HABEAS CORPUS—EXCEPTIONS. Upon an appeal from an order of discharge on a writ of habeas corpus, where the evidence was not brought up by a statement of facts and no exceptions were taken to the findings, the only question for review is whether the findings support the judgment.

EXTRADITION—FUGITIVE FROM JUSTICE—HABEAS CORPUS. A prisoner held under an extradition warrant is entitled to a discharge on a writ of habeas corpus where it appears that he is not a fugitive from justice.

Appeal from an order of the superior court for King county, Bell, J., entered January 4, 1904, discharging a prisoner on a writ of habeas corpus. Affirmed.

[1]Reported in 79 Pac. 1105.

39-37 WASH.

*W. T. Scott* and *C. S. Gleason* (*Peters & Powell,* of counsel), for appellants, contended among other things, that the admission in the return that the petitioner was about the city of New York for two years, when he came to Seattle, is all that is necessary to make him a fugitive from justice. *Ex parte Reggel,* 114 U. S. 642, 5 Sup. Ct. 1148; *Roberts v. Reilly,* 116 U. S. 80, 6 Sup. Ct. 291; *People ex rel. Corkran v. Hyatt,* 172 N. Y. 176, 64 N. E. 825, 92 Am. St. 706, 60 L. R. A. 774; *In Matter of Voorhees,* 32 N. J. L. 141; *In re White,* 55 Fed. 54; *In re Keller,* 36 Fed. 681; *In re Strauss,* 126 Fed. 327.

*C. H. Farrell* and *McCafferty & Kane* (*J. W. Robinson,* of counsel), for respondent. Where the petitioner is not a fugitive from justice he cannot be held and the question is one of fact. U. S. Revised Statutes, § 5278; Spear, Extradition, p. 388; *Roberts v. Reilly,* 116 U. S. 80, 6 Sup. Ct. 291; *Leary's Case,* 6 Abb. New Cas. (N. Y.) 43; 2 Moore, Extradition, p. 954; *Hibler v. State,* 43 Tex. 197; *Ex parte Reggel,* 114 U. S. 642, 5 Sup. Ct. 1148; *Hyatt v. People ex rel. Corkran,* 188 U. S. 691, 23 Sup. Ct. 456; *Robb v. Connolly,* 111 U. S. 624, 4 Sup. Ct. 544. The action of the executive is not conclusive on the courts. *In re Foye,* 21 Wash, 250, 57 Pac. 825; U. S. Revised Statutes, § 5278; *In re Baker,* 21 Wash. 259, 57 Pac. 827; *In re Sylvester,* 21 Wash. 263, 57 Pac. 829; *Ex parte Slauson,* 73 Fed. 666; *Ex parte Hart,* 63 Fed. 249, 28 L. R. A. 801.

PER CURIAM.—On the 27th day of November, 1903, a petition for writ of habeas corpus was presented to this court by one Frank B. Poor, alleging that said Poor was illegally restrained of his liberty by one Cudihee, as sheriff of King county, in this state, and by one Carey, claiming to be an agent of the state of New York. The alleged cause

of said restraint was a certain pretended extradition warrant, issued by the Governor of the state of Washington, upon the demand of the Governor of the state of New York, authorizing the said Carey to take the said Poor, wherever he might be found in the state of Washington, and transfer him to the line thereof, at the expense of the state of New York. Among other grounds of illegality in the restraint, it was averred that the said Poor was not a fugitive from the justice of the state of New York. The writ issued and was made returnable on the 30th day of November, 1903, before the Hon. W. R. Bell, one of the judges of the superior court of King county. A return was made to the writ in the superior court, but for some reason the return was never filed. A hearing was had on the petition for the writ, the return thereto, and the traverse to the return. Upon such hearing the petitioner was discharged from custody, and from the order of discharge this appeal is taken.

There is no statement of facts or bill of exceptions, and no exceptions were taken to the findings of the court. In this state of the record, under the uniform rulings of this court, the only question open to review is the sufficiency of the findings to support the judgment. The court found, among other things, that the petitioner was not a fugitive from justice. Assuming, as we must, that such was the fact, the petitioner was entitled to his discharge. *In re Mohr,* 73 Ala. 503, 49 Am. Rep. 63; *Wilcox v. Nolze,* 34 Ohio St. 520; *Hartman v. Aveline,* 63 Ind. 344, 30 Am. Rep. 217; *Jones & Atkinson v. Leonard,* 50 Iowa 106, 32 Am. Rep. 116; *Ex parte Knowles,* 16 Ky. Law 263; *People ex rel. McCoy v. Warden of City Prison,* 3 N. Y. Cr. R. 370; *Commonwealth v. McCandlass,* 7 Pa. Co. Ct. R. 51.

The order is therefore affirmed.