[No. 7445.  Decided January 7, 1909.]

ETHEL HECTOR, *Respondent*, v. WILLIAM HECTOR, *Appellant.*[1]

APPEAL — REVIEW — FINDINGS — FORMALITY—EXCEPTIONS—NECES- SITY.  A decree in an equitable action which recites all the material facts, without any findings of fact having been made, has the force and effect of formal findings, which must be excepted to in order to secure a review of the evidence on appeal.

SAME.  The sufficiency of findings to sustain the judgment may be challenged without any exceptions to the findings, failure to except not being ground for dismissal of the appeal.

PARENT AND CHILD—SUPPORT OF CHILDREN—AFTER DIVORCE—CON- TRIBUTION.  Bal. Code, § 4508, providing that expenses of the family and education of the children are chargeable upon the property of both husband and wife, raises a joint and several obligation therefor; and a divorced wife, who thereafter maintained a child awarded to her without provision for its support, is entitled only to contribution from the husband, and cannot recover from him the whole of the sums expended by her.

SAME—COSTS—ATTORNEY'S FEES.  In an action by a divorced wife to recover from the husband the expense of maintaining a child and for future allowances therefor, attorney's fees are not recover- able except such as are taxable as costs under general laws.

SAME—FUTURE ALLOWANCES—CONTRIBUTION TO SUPPORT—EQUALI- ZATION.  In an action by a divorced wife for future allowances for the support of a child awarded to her by the decree without provision for support, the court does not possess the discretion exercised in granting a divorce, but both parties must contribute equally if able, and otherwise the burden must be equalized as nearly as may be.

DIVORCE—DECREE—SUPPORT OF CHILDREN.  In the decree of divorce, provision should be made for the support of the children, to the end that there may be an end to the litigation.

COSTS—ON APPEAL.  In litigation between divorced parties in the interest of a child and to provide for its support, the court may direct that no costs be allowed on appeal.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered December 20, 1907, upon

[1]Reported in 99 Pac. 13.

findings in favor of the plaintiff, after a trial before the court without a jury, in an action by a divorced wife to recover the cost of support of a child. Reversed.

*Samuel E. King* and *Lester S. Wilson,* for appellant.

*Groff & Cromwell,* for respondent.

RUDKIN, J.—The plaintiff and the defendant intermarried at Walla Walla, in this state, on the 19th day of March, 1904, and remained husband and wife until the 19th day of September, 1906, at which time the plaintiff was granted a divorce from the defendant for cruel treatment on his part. After awarding the divorce, the decree recited that the plaintiff had been paid a certain sum of money in cash in lieu of her interest in the property of the defendant, and awarded to the defendant all the real and personal property in his possession and claimed by him. The plaintiff was awarded the care and custody of a minor child, then of the age of two years, and no express provision was made in the decree for its support and maintenance during its minority. The present action was commenced on the 24th day of July, 1907, to recover the sum of $500 paid out and expended by the plaintiff for the care, support and maintenance of the minor child from the date of the divorce to the date of the commencement of the action, and for a further monthly allowance of $50 per month for the care, maintenance, support and education of the child until she should attain the age of majority. The allegations of the complaint were put in issue by answer, and the cause came on for trial before the court without a jury. The court thereafter entered its decree reciting all the material facts as set forth in the complaint, viz.:

"That the plaintiff and defendant were married in the city of Walla Walla and State of Washington on or about the 10th day of March, 1904; that they were afterwards by the judgment and decree of this court in a certain action therein pending in which said plaintiff was plaintiff, and said de-

fendant was defendant, duly divorced from each other; that during their marriage a female child was born to them on the 26th day of January, 1904, as the fruit of said marriage; that by· said judgment and decree of divorce said child was awarded to said plaintiff until the further order of the court; that, by said judgment and decree of divorce no allowance was made for the support and maintenance and education of said child; that said plaintiff has supported and maintained said child since the granting of said divorce and has incurred expenses in that behalf, including board, clothing, medical attendance, legal services and care and attention in the sum of four hundred and fifty dollars; that plaintiff is better fitted to have the further care and custody of said minor child than said defendant; that plaintiff is unable, from the income of her property and labor to properly support, maintain and educate said child and that defendant is possessed of real and personal property of the value of $30,000 or more, from which he derives an annual income of three thousand dollars or more, and is well able to contribute to such support, maintenance and education of said child the sum of twenty-five dollars per month; that among the lands so owned by said defendant is the east half of section twenty-seven in township ten, north of range 33, east Willamette Meridian, situate in said county of Walla Walla, State of Washington,"

and awarded judgment in favor of the plaintiff for the sum of $450 for expenses theretofore incurred in the care, maintenance and support of the child, and for the further sum of $25 per month, to be paid on the first day of each and every month until the further order of the court. From this judgment the defendant has appealed.

The respondent has moved to dismiss the appeal for the reason that no exceptions were taken to the findings of fact. In opposition to this motion the appellant contends that no findings of fact were made, but with that contention we are unable to agree. While it is true that no formal findings of fact were made, as that term is understood in law actions, yet, where a decree is entered in an equitable action finding or reciting all the material facts in the cause, such findings or

recitals have all the force and effect of formal findings in any other action and will be accepted. as true by this court, unless proper exceptions are taken. *In re Clifford*, 37 Wash. 460, 79 Pac. 1001, 107 Am. St. 819; *Poor v. Cudihee*, 37 Wash. 609, 79 Pac. 1105. Inasmuch as the findings were not excepted to, we cannot inquire into the sufficiency of the testimony to sustain them, but this does not call for or necessitate a dismissal of the appeal. The appellant may still challenge the sufficiency of the findings to sustain the judgment. 1 Rem. Digest, p. 120, §148, and cases cited.

The appellant first contends that the court erred in giving judgment against him for the full amount paid out and· expended by the respondent for the support of the child between the time of the entry of the decree of divorce and the time of commencement of the present action. Where a decree of divorce awards the care and custody of the children to the mother and makes no provision for their maintenance and support, there is an irreconcilable conflict in the authorities as to the right of the mother to thereafter maintain a separate action against the father to recover for necessaries furnished to the children. The cases on both sides of this question are fully reviewed in the note to *Hall v. Green*, 47 Am. St. 311 (87 Me.. 122, 32 Atl. 796).

In *Gibson v. Gibson*, 18 Wash. 489, 51 Pac. 1041, 40 L. R. A. 589, this court held that such an action might be maintained by the wife, but the right to recover the whole or any portion of the expenses incurred prior to the commencement of the action was not involved. In *Ditmar v. Ditmar*, 27 Wash. 13, 67 Pac. 353, 91 Am. St. 817, the court affirmed a judgment awarding to the mother one-half the sums by her expended in the maintenance and support of the minor children of the parties prior to the commencement of the action, and making a monthly allowance for future support and maintenance, but the right to recover the entire expense of such maintenance and support prior to the commencement of the action was not claimed. The court said,

however, "Clearly, the wife has every right, moral and equitable, to be reimbursed to the amount of a just proportion of the expense she has been put to in the performance of a duty which equally belongs to both." So far as we have been able to discover, all the cases holding that the mother may recover from the father the entire expense of maintaining minor children are from jurisdictions where the father is primarily liable for such maintenance, either under the common law or by statutory enactment. Thus in *Zilley v. Dunwiddie,* 98 Wis. 428, 74 N. W. 126, 67 Am. St. 820, 40 L. R. A. 579, the court said:

"At the common law, the husband was primarily liable for the support of his minor child . . . In *McGoon v. Irvin,* 1 Pin. 523, 44 Am. Dec. 409, it was said that 'by every principle of law upon the subject, recognized and strengthened by our statute, parents are under legal obligations to maintain and support their children who are of tender years and helpless.' The statute (Rev. Stats. 1878, Sec. 1503) makes the father primarily liable to support his minor children. When the marriage is dissolved by divorce, the duty of parents to maintain their children remains as before, for children are not parties to the divorce suit and do not lose any rights thereby. Hence, the father's duty to maintain them after the divorce where there is no decree of the court relating thereto, especially if their custody is not taken from him, remains as before. After the parents were divorced all duties and obligations to each other ceased: . . . Nelson, Divorce and Separation, §981. The claimant owed the husband no duty as wife and her duty to support the child continued as before, secondary, and his primary."

In *Pretzinger v. Pretzinger,* 45 Ohio St. 452, 15 N. E. 471, 4 Am. St. 542, the court said:

"The statute 43 Elizabeth, Chapter 2, directs that 'the father and mother, grandfather and grandmother, of poor impotent persons, shall maintain them, if of sufficient ability, as the quarter sessions shall direct.' Its provisions have been reenacted in several of our states; and in view of the special enactment, it has been held that where the husband and wife

are divorced, and upon her application the custody and control of their minor children are awarded to her, she cannot, in an action against the father, recover for the entire support of such children furnished by her after the divorce, but only for contribution. But there is no such statute in this state; and in general, after a divorce, as well as during coverture, the primary duty of maintaining any minor children of the marriage still remains with the former husband."

Bal. Code, § 4508 (P. C. § 3874), provides that "The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately." This obligation is the same after divorce as before, unless the decree of separation provides otherwise. It follows from this that the obligation of the father and mother in this state in relation to the maintenance and support of their minor children is joint and several, and not primary and secondary as at common law. And when the mother supports and maintains the children she is but performing an obligation which the law imposes jointly upon her and the father, and we know of no principle of law that would permit her to recover the entire expense of such maintenance and support from her joint obligor. As said by the court in *Pretzinger v. Pretzinger*, and *Ditmar v. Ditmar, supra*, the extent of her right is an action for contribution only. It follows from what we have said that the court erred in awarding judgment against the respondent for the full amount expended in the maintenance and support of the child between the time of the divorce and the time of the commencement of the present action. We might modify the judgment in this respect without awarding a new trial, if satisfied that the record is otherwise free from error, but we are not so satisfied.

The appellant contends that attorney's fees were included in the amount of the recovery, and the findings of the court give color to this claim. Furthermore, the respondent practically concedes in her brief that such charges were in fact

included.   After parties have been divorced and their property rights adjusted by a court of competent jurisdiction, in all future litigation they stand upon the same footing as any other litigants.   The wife is not entitled to attorney's fees against the husband, nor is she entitled to recover any other expenses incurred in or about the litigation, except such as are properly taxable as costs under the general laws of the state.   *Trumble v. Trumble,* 26 Wash. 133, 66 Pac. 124; *Ditmar v. Ditmar, supra.*

The appellant further contends that the amount allowed for future support is excessive, but inasmuch as there were no exceptions to the findings we cannot review that question. In view of a new trial, however, we may say that the court may have committed the same error in making provision for future support as in allowing a recovery for past support; that is, the court may have ruled that the primary obligation to support the child rested upon the father.   In actions of this kind, prosecuted after divorce and adjustment of property rights, the court does not possess that wide discretion which it may exercise in the divorce action.   In adjusting the property rights of the parties to the divorce, the court may impose the entire obligation to support and maintain the minor children on either the father or the mother, but in a subsequent proceeding it can only enforce the obligations imposed by law.   If the parties are both able to contribute to the support and maintenance of their children they must do so in equal parts.   If both parties are not able, the party who has the ability must bear the entire burden as between the parents and the public.   In considering the amount that should properly be allowed in such cases, the court should therefore consider the ability of the parents, the care and attention the mother must give the children, the assistance the mother will receive from the children, if any, and all the surrounding facts and circumstances, and equalize the burden between them as nearly as may be.

The practice of litigating questions of this kind by piece-

meal cannot be too strongly condemned. Here the parties settled their property rights, and in all probability the issues in the divorce action, and a decree was entered making no provisions whatever for the support or maintenance of the minor child. Almost immediately the wife begins to assert claims against the husband which should have been determined and adjusted in the divorce action. Such a practice is neither in the interest of the parties nor in the interest of society at large.

The judgment is reversed, and the cause is remanded for a new trial. On such trial the court will ascertain the sums respondent has expended in the maintenance and support of the child from the date of the divorce, excluding attorney's fees and all other expenses of litigation not properly taxable as costs, and give judgment in favor of the respondent for one-half thereof. The court will likewise fix a reasonable allowance to be made for the future support, maintenance, and education of the child on the basis we have indicated; and to avoid unnecessary costs, the testimony already taken may be considered by the court. In view of the fact that this litigation is largely in the interest of the child, no costs will be allowed on this appeal.

FULLERTON, CROW, MOUNT, and DUNBAR, JJ., concur.

HADLEY, C. J., and CHADWICK, J., took no part.