[No. 10484. Department One. February 3; 1913.]

## THE STATE OF WASHINGTON, *Respondent*, v. LOREN Z. COOLIDGE, *Appellant*.[1]

APPEAL—RIGHT TO APPEAL—WAIVER—CESSATION OF CONTROVERSY. The giving of a recognizance bond for the payment of the support of a minor child, upon a conviction of neglecting to support, is not such an acquiescence in the judgment as to operate as a cessation of the controversy or a waiver of the right of appeal.

CRIMINAL LAW—APPEAL—RECORD—BILL OF EXCEPTIONS—STATEMENT OF FACTS. A "bill of exceptions," upon appeal from a conviction of neglecting to support a minor child, is sufficient to raise questions that might have been presented by a "statement of facts."

PARENT AND CHILD—NONSUPPORT—CRIMINAL PROSECUTION. A conviction for neglecting to support a minor child is conclusive that the defendant had not complied with a decree of divorce requiring him to pay to his former wife monthly installments for the support of the child.

SAME—CRIMINAL AND CIVIL LIABILITY—CONFLICT—PROSECUTION AFTER DIVORCE. A conviction for neglecting to support a minor child cannot be had under the criminal statute, Rem. & Bal. Code, § 2444, in aid of a decree of divorce, where the custody of the child had been awarded to the mother, and the defendant was subject to the orders of the court in the civil proceeding requiring him to make monthly payments for such support, and the sentence and judgment in effect modified the decree of divorce without reference to it.

STATUTES—CONSTRUCTION. Penal statutes which are only *malum prohibitum* are to be strictly construed with reference to the liberty of the citizen.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered April 6, 1912, upon a trial and conviction of wilfully neglecting and refusing to provide for the support and maintenance of a minor child. Reversed.

*O. M. Nelson*, for appellant.

*W. E. Campbell* and *A. Emerson Cross*, for respondent.

[1]Reported in 129 Pac. 1088.

PER CURIAM.—Defendant was charged in the court below with wilfully neglecting and refusing to provide for the support and maintenance of his minor child, Ione Coolidge, she being in necessitous circumstances. The charge was under Rem. & Bal. Code, § 2444. Defendant was tried by a jury and convicted. No judgment seems to have been entered, but the court made an order fixing the amount to be paid each week, and staying proceedings pending the performance of a bond conditioned as follows:

"Now, therefore, it is hereby ordered and adjudged that said defendant Loren Z. Coolidge do forthwith enter into a recognizance in the sum of $500, without surety, conditioned that the said defendant, Loren Coolidge, will faithfully pay weekly the sum of $2.50, commencing with the coming week, payable not later than Saturday of each week to Blanche Coolidge for the benefit of said child, said payments to be made in said sum for the benefit of said child, until the further order of the court; and it is further ordered by the court that so long as the said defendant, Loren Coolidge, shall faithfully comply with the conditions of such recognizance, conditioned as herein provided, all proceedings herein shall be stayed until the further order of this court, but if said defendant, Loren Z. Coolidge, shall fail to comply with the conditions of such recognizance, or shall fail to comply with any order for his appearance in said court, such recognizance shall be forfeited and said proceedings in said cause shall be revived and continued, as if no stay had been had in said cause."

A motion for new trial and a motion for judgment notwithstanding the verdict were overruled and severally excepted to. The bond was given and the state has interposed a motion to dismiss, upon the ground that the judgment has been performed, and that the giving of the bond operates as a cessation of the controversy and as a waiver of defendant's right to appeal. The motion will be overruled. It may be that a case might arise where the giving of a bond conditioned for the performance of a judgment would operate as a waiver of the right to appeal, but it cannot be so held in this case. The

verdict still stands, and defendant is entitled to urge such legal defense as he may have thereto.

It is also insisted that the court cannot consider the errors assigned, as there is no statement of fact, "only a bill of exceptions." The bill is sufficient to raise the question presented.

On November 20, 1911, a decree of divorce was entered in the superior court for Chehalis county, dissolving the bonds of matrimony theretofore existing between defendant and Blanche Coolidge. The custody of their minor child was awarded to the mother, and defendant was directed and required to pay to his former spouse the sum of $20 per month for the support and maintenance of the child. That he did not perform the obligation put upon him is evidenced by this proceeding and the verdict of the jury. It is the contention of the defendant that, the child being awarded to the mother and he being subject to the further orders of the court in the divorce proceeding, no criminal charge will lie against him; that the statute, Rem. & Bal. Code, § 2444, was enacted to enforce the performance of a common law duty, and that, where the civil side of the court had assumed jurisdiction and fixed the duty of a delinquent parent by a charge in money, no common law duty remains; that his whole duty is merged in the decree of the court, with such modifications as may thereafter be made to meet new conditions. It is not denied that the court has ample power to enforce its decrees, but it is as earnestly urged that, notwithstanding that decree, an independent criminal proceeding can be maintained. An argument, specious but not sound, is made to sustain these contentions. It is unnecessary to follow it. It is met by the fact that the state introduced the divorce decree as the basis of its charge. Assuming that the custody of the child is given to a mother but no order for support is made, it would be manifestly unjust to charge a father under the criminal statute, when he might have no means of knowing of the necessities of his child or be unable to provide for it.

The fallacy of the state's argument is further shown by the order made by the court. The trial judge evidently treated this case as a proceeding in aid of the divorce decree, for he has made an order which in effect modifies that decree, but without reference thereto. This it would seem he should not do, for defendant is now subject to two orders of the same court, one calling for the payment of a certain sum, and the other calling for a different sum. He is subject to a citation for contempt on the civil side, and to a judgment on the verdict and sentence on the criminal side. Surely it was never intended that the criminal statute should be put to such unfair uses, for the court rendering the divorce decree has ample power under the statute to enforce its orders; and if not directly declared, the policy of the law to keep the solution of such matters in the court having jurisdiction of all parties to the divorce proceeding is recognized, if not directly declared, in many decisions of this court. In *Hector v. Hector*, 51 Wash. 434, 99 Pac. 13, we said:

"The practice of litigating questions of this kind by piecemeal cannot be too strongly condemned. Here the parties settled their property rights, and in all probability the issues in the divorce action, and a decree was entered making no provisions whatever for the support or maintenance of the minor child. Almost immediately the wife begins to assert claims against the husband which should have been determined and adjusted in the divorce action. Such a practice is neither in the interest of the parties nor in the interest of society at large."

Finally, counsel insist that the duty of the husband is not changed by the divorce, but that his obligation remains the same as before, citing: *Hector v. Hector, supra; Gibson v. Gibson*, 18 Wash. 489, 51 Pac. 1041, 40 L. R. A. 587; *Ditmar v. Ditmar*, 27 Wash. 13, 67 Pac. 353, 91 Am. St. 817. These authorities hold that, after separation or divorce, the common law obligation of the husband is not absolved, and the divorced wife can sue for contribution. But they do not hold, and we find no cases that do hold that, when the duty of the

father has been measured in money by a court of competent jurisdiction with power to enforce its decrees, an independent action can be maintained against him, or that appellant may be coerced by a criminal proceeding. The remedy lies in the court of first jurisdiction to which defendant is answerable, for by its order he has become primarily liable to the court rather than to his former spouse.

Penal statutes are to be strictly construed, to the end that no citizen shall be deprived of his liberty under statutes that are *malum prohibitum* only. The act declares that "every person who shall willfully and without lawful excuse desert, or willfully neglect or refuse to provide for the support and maintenance of his wife, or child under the age of sixteen years," etc., shall be punished. It then provides a procedure and punishment, indicating that the legislature had in mind only those cases where a husband deserts or refuses to provide for his wife or a child then in his custody and under his control; that it was not the intention of the legislature to cover by this law any case where the custody and control of the child had been taken away from the parent by the due processes of the law, or where the obligation of the husband to the wife or child had been defined and fixed with penalty by a court of competent jurisdiction.

The judgment is reversed, and the case remanded with instructions to enter a judgment in favor of the defendant notwithstanding the verdict.