. [No. 17530.  Department Two.  November 20, 1922.]

THE STATE OF WASHINGTON, *Appellant,* v.
MAURICE A. RUTLEDGE, *Respondent.*[1]

PARENT AND CHILD (4-1, 12)—NONSUPPORT—CRIMINAL LIABILITY—
INFORMATION—EFFECT OF DECREE OF DIVORCE.  Under Rem. Comp.
Stat., §§ 6908, 6910, making it a gross misdemeanor to wilfully with-
out excuse omit to furnish necessary food and clothing to one's child
or children, regardless of any decree of divorce, an information
against a divorced husband, charging the offense in the language of
the statute, is sufficient, notwithstanding the divorce decree awarded
the custody of the children to the mother.

SAME (4-1, 12).  In such a case the words "necessary food" pre-
supposes a need, which is covered by an information in the language
of the statute; lack of need being a matter of defense.

SAME (4-1, 12).  A decree of divorce awarding the children to
the mother, although silent on the question of support, is no defense
to a prosecution of the husband for nonsupport under Rem. Comp.
Stat., § 6908.

[1]Reported in 210 Pac. 669.

Appeal from an order of the superior court for Pierce county, Clifford, J., entered June 7, 1922, dismissing a prosecution for failure to provide for the support of minor children, upon sustaining a demurrer to the information. Reversed.

*J. W. Selden* and *J. A. Sorley,* for appellant.

*Vance & Christensen* and *Harry L. Parr,* for respondent.

TOLMAN, J.—Respondent was charged by information with failure to furnish necessary food, clothing and medical attendance to and for his two minor children. He demurred to the information, and from an order sustaining the demurrer and dismissing the action with prejudice, the state has appealed.

The information is based upon the Laws of 1913, p. 71, ch. 28; Rem. Comp. Stat., § 6908 *et seq.* Section 1 of the act provides:

"Every person who, . . . . . . . . . . . .
"2d: Willfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, or medical attendance for his or her child or children or ward or wards; . . . . . . . .
"Shall be guilty of a gross misdemeanor."

Section 2, fixes the punishment and the manner of enforcement thereof, and § 3 provides:

"Proof of the abandonment or nonsupport of a wife, or the desertion of a child or children, ward or wards, or the omission to furnish necessary food, clothing, shelter or medical attendance for a child or children, ward or wards, is *prima facie* evidence that such abandonment or nonsupport, or omission to furnish food, clothing, shelter, or medical attendance is willful. The provisions of section one are applicable whether the parents of such child or children are married or divorced and regardless of any decree made in said divorce action relative to alimony or to the support of

the wife or child or children." Rem. Comp. Stat., § 6910.

The information charges the offense, in practically the language of the statute, as having been committed on or about May 26, 1922, and further charges, in effect, that the minor children referred to are the issue of the marriage between the respondent and Rowena Rutledge; that the parents of the children were duly divorced on December 14, 1915; sets up a copy of the decree of divorce, which awards the sole and absolute custody of the children to the mother, with the right in the father, at such reasonable intervals as may appear suitable to both parties, to visit the children, or either of them. The decree is wholly silent on the question of property rights and alimony, and makes no provision whatever for the support of the children. The information then charges that respondent had agreed, prior to the entry of the decree, that if no provision was therein made requiring him to do so, he would voluntarily, from time to time, contribute to the support of the children in reasonable amounts.

Respondent, by his demurrer, appears to have raised the following points upon which he now relies: (1) the decree of divorce having given the mother the custody and care of the children, with no provision for support, there can be no neglect on the part of the father; (2) an information is bad which sets up a decree of divorce and then sets up facts impeaching the decree; and (3) the legislature may not, by criminal statute, change the law of this state, in effect abolishing the joint and several liability of both father and mother for the support of their minor children.

It is urged that the case of *State v. Coolidge,* 72 Wash. 42, 129 Pac. 1088, supports these contentions. There is language used in that case which, taken by itself, would seem to be in point, but it must be borne

in mind that that decision is rested upon the statute as it was before the passage of the act of 1913, and since the legislature, by that act, provided that its terms should apply notwithstanding a divorce of the parents, and "regardless of any decree made in said divorce action relative to alimony or to the support of the wife or child or children," it is not now controlling.

Under the law as it has been and now is, the father is liable in a civil action for the support of his children whether he be divorced or not. *Gibson v. Gibson,* 18 Wash. 489, 51 Pac. 1041, 40 L. R. A. 587; *Ditmar v. Ditmar,* 27 Wash. 13, 67 Pac. 353, 91 Am. St. 817; *Schoennauer v. Schoennauer,* 77 Wash. 132, 137 Pac. 325. In *Hector v. Hector,* 51 Wash. 434, 99 Pac. 13, where the conditions were the same as here, the obligation of the father and mother was held to be joint and several, and where, subsequent to a divorce with no provision for the support of the children, the mother had supported them, she had but performed an obligation which the law imposed upon both parents, and could enforce contribution only. It follows then, in the instant case, that the decree of divorce, being silent as to support, effected no change in respondent's legal liability, and third parties might and may hold him for the full amount of necessaries furnished to his minor children, and the mother, if she has furnished support, may compel contribution. The statute now steps in and says that, notwithstanding the divorce or the provisions of any decree as to support, the willful omission, without lawful excuse, to furnish necessaries shall be a gross misdemeanor. The language "to furnish necessary food," etc., presupposes a need, and the information charging the offense in the language of the statute, charges that the children are in need of such support. A lack of such need would, at the most, be a matter of defense only. The

duty of the father is not fixed by the decree of divorce here shown, but by the law, and we know of no reason why the legislature may not say, as it has by the statute in question, that the failure to perform that legal duty shall be a gross misdemeanor. The statute in no wise changes the legal duty of either parent, nor does it affect the joint and several nature of their responsibilities. It is not necessary now to inquire what would be the effect of a defense that the parent having the custody had, up to and at the time charged in the information, supplied all of the needs of the children. The authorities appear to lack harmony on that subject. See *State v. Stouffer,* 65 Ohio St. 47, 60 N. E. 985; *People v. Dunston,* 137 Mich. 368, 138 N. W. 1047, and *State v. Thornton,* 232 Mo. 298, 32 L. R. A. (N. S.) 841. But no such question is here presented by the demurrer.

It is urged that the information sets up facts which impeach the validity of the decree pleaded; or, if not, the decree is a bar to the action. From what has already been said it is apparent that the decree is no bar, because it is utterly silent on the matter of support, and does not affect the legal liability of either parent with respect thereto; and even if it purported to do so, the statute would prevent any such result here. The facts pleaded which are thought to affect the validity of the decree are, at the worst, immaterial and mere surplusage which does not vitiate.

The judgment is reversed, and the cause remanded with instructions to overrule the demurrer.

PARKER, C. J., MAIN, and FULLERTON, JJ., concur.