[No. 18033. Department One. September 12, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. WERNER GROTH, *Appellant*.[1]

HUSBAND AND WIFE (114)—ABANDONMENT—EVIDENCE — SUFFICIENCY. Upon a prosecution for family desertion the plea of former acquittal is not sustained where the period of time covered was separated by several months from that last charged.

SAME (112)—ABANDONMENT—DIVORCED·PARTIES. The family desertion law, Rem. Comp. Stat., §§ 6908, 6910, applies regardless of whether the parents were married or divorced.

Appeal from a judgment of the superior court for Pierce ·county, Card, J., entered December 2, 1922, upon a trial and conviction of family desertion. Affirmed.

*H. W. Lueders*, for appellant.

*J. W. Selden* and *J. A. Sorley*, for respondent.

MITCHELL, J.—Werner Groth and his wife Julia had five children. They were and continued to be residents of Pierce county. At her suit, a divorce was granted, she being given the custody of the children, all of whom were minors. Some two years· thereafter, he was arrested upon her complaint, under subd. 2, § 6908, Rem. Comp. Stat. [P. C. § 8828], charging that he wilfully omitted, without lawful excuse, to furnish necessary food and clothing for the children. Upon trial, a jury found him guilty and he has appealed from a judgment imposing a jail sentence and a fine.

A demurrer to a special plea that the defendant had been formerly acquitted of the same offense charged in the information was properly sustained, it appearing that the period of time therein referred to ·was

[1]Reported in 218 Pac. 204.

separated by several months from the period of time covered by the present prosecution.

There was abundant evidence that the children were in necessitous circumstances, which the mother unavailingly attempted to overcome prior to her demanding of him that he assist in their support, and prior to her causing his arrest and prosecution. The evidence was ample to justify and support the verdict and judgment.

Many of the assignments of error, that need not be set out with particularity, are readily disposed of upon consideration of the positive and explicit language of a part of § 6910, Rem. Comp. Stat. [P. C. § 8830], as follows:

"The provisions of section 6908 are applicable whether the parents of such child or children are married or divorced and regardless of any decree made in said divorce action relative to alimony or to the support of the wife or child or children."

This statute, together with what was said of it in the case of *State v. Rutledge,* 122 Wash. 281, 210 Pac. 669, answers appellant's criticisms of certain instructions given and the refusal of the court to give certain instructions requested by the appellant. The whole of the instructions we find to be complete and fair to both sides.

It is contended by the appellant that the punishment imposed by the judgment is excessive. It is altogether substantially less than the limit fixed by the statute, and, under the record, we are not disposed to disturb it. The motion for a new trial was properly denied.

Judgment affirmed.

MAIN, C. J., BRIDGES, MACKINTOSH, and HOLCOMB, JJ., concur.