STATE OF CONNECTICUT v. JOSEPH F. WEINUM, JR.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 8706

Memorandum filed April 29, 1949

*Abraham S. Ullman,* of New Haven, for the Plaintiff.

*Joseph Shelnitz,* of New Haven, for the Defendant.

INGLIS, J. In the first count of the information in this case the defendant is accused of the crime of abandonment of wife and cohabitation. The evidence does not justify a finding beyond a reasonable doubt that the defendant has cohabited with a woman other than his wife. Accordingly, the finding on this count is that the defendant is not guilty.

The second count charges nonsupport of two minor children. In February, 1946, while the defendant was still in the military service and stationed in Texas, he brought his wife and the one child whom they then had to Connecticut and left them at the home of his mother and father. After staying there for nearly two months the wife and child moved to her mother's home, where they have lived ever since.

In June, 1946, the defendant instituted an action for divorce in Las Vegas, Nevada, and shortly thereafter asked his wife for a waiver of defense, which she refused to give. Failing to get the waiver he did not press his action at that time. The second child of the marriage was born in September, 1946.

Mrs. Weinum continued to receive the government allotment of $120 per month until February, 1947, and thereafter she received money orders from the defendant for a like amount until June, 1947. Since then he has sent nothing for the support of either his wife or his children until he was arrested on this charge.

In February, 1947, the defendant again asked his wife over the telephone for a waiver of defense in the divorce action which was still pending in Las Vegas. Mrs. Weinum again refused and instead entered her appearance in the action and filed a cross-complaint for separate maintenance and custody and support of the children. On October 8, 1947, judgment was entered denying the plaintiff's prayer for a divorce and adjudging that the wife be authorized to live separate and apart from the husband, that the custody of the children be awarded to the wife and that the husband pay to the wife for her support and the support of the children the sum of $100 per month for the next four months and thereafter the sum of $120 per month. The court retained jurisdiction of the action for the purpose of making any modification of its judgment which might be just and proper.

The specific charge in the information is that the defendant neglected and refused to support his children on and before August 1, 1948. On the facts as found there can be no question that he neglected to support them, in violation of the statute, between June and October, 1947. Although during most of that period he was unemployed, he had funds available and there was no good reason for his neglect to support them.

As regards the period from October 8, 1947, to August 1, 1948, the defendant's claim is that the only obligation he had to support his children was the obligation imposed upon him by the judgment of the Nevada court, and that that obligation cannot be enforced in such a criminal proceeding as this because the criminal statute is designed to enforce only the common-law obligation of a father to support his wife and children. He rests his contention on the authority of two cases, *People ex. rel. Commissioners of Charities v. Cullen*, 153 N. Y. 629, 637; and *State v. Coolidge*, 72 Wash. 42. The first of these cases holds that after a wife has been awarded support in a separate maintenance action the husband's failure to support her does not constitute a violation of the New York criminal statute relating to abandonment and nonsupport, and puts the decision on two grounds, viz., that the obligation to support which exists by virtue of the marital status, which is the only obligation which the statute is designed to enfore, has ceased to exist, the decree of the court having been substituted therefor, and because abandonment is an essential element of the crime and a husband cannot abandon his wife if a court has ordered him not to live with her. By substantially the same reasoning the *Coolidge* case comes to the conclusion that a father cannot be prosecuted under the Washington statute for abandonment and failure to support his children where custody of the children had been awarded to their mother in a decree granting her a divorce.

The law on the subject is accurately stated in 39 Am. Jur. 765, § 108, as follows:

"If, in addition, the decree deprives him of the custody of the child, such fact alone does not negative his criminal liability for failing to provide it with the necessary support, except in the few jurisdictions where the duty to support the child is considered to terminate when the father is deprived of custody; but where his separation from the child is solely by reason of such a decree, he cannot be held to have abandoned or deserted it even though he has since failed to provide it with support, and he may

therefore have a defense under statutes making an actual de-sertion or abandonment an element of the offense. Even where the decree of divorce requires the father to make payments for the support of his child in the custody of its mother, the weight of authority is to the effect that the father who fails to make such payments is not relieved by the decree from criminal or quasi-criminal responsibility for a failure to support the child, except where an actual desertion or abandonment of the child is also an element of the offense . . . ."

In the light of this statement of the law it is clear that the New York and Washington cases are not persuasive in the present case because the Connecticut law differs from the New York and Washington law in two essential particulars. In the first place, the Connecticut statute under which this prosecution is had does not include abandonment as an essential element of the crime of nonsupport. In the second place, it is well establish-ed in our law that the awarding by a court of the custody of a child to one parent does not relieve the other parent of his com-mon-law obligation to support the child. *Stanton* v. *Willson*, 3 Day 37, 55; *Welch's Appeal from Probate*, 43 Conn. 342; *Shields* v. *O'Reilly*, 68 Conn. 256, 262.

Conceding that, both the father and mother having submitted the question of the custody of the children to the Nevada court, that court had jurisdiction to award custody and that therefore its judgment in that regard must be given full faith and credit here, nevertheless that judgment is no bar to this criminal pro-ceeding. Under Connecticut law the common-law obligation of the defendant to support his children continued. For many months prior to August 1, 1948, he had neglected to perform that obligation. Accordingly, he has violated the statute. The finding is that the defendant is guilty on the second count of the information.