[No. 10408. Department Two. August 21, 1912.]

MAGGIE HICKS, *Respondent*, v. HANSEL HARRISON HICKS
et al., *Appellants.*[1]

DIVORCE—DECREE—COLLATERAL ATTACK. An action for a divorce and the division of community property, seeking also the annulment of a foreign divorce fraudulently obtained by the defendant, constitutes a collateral attack on such decree, the annulment of which is a mere incident to the primary purpose of the action.

SAME—SERVICE OF SUMMONS—FRAUD. A foreign decree of divorce, valid on its face, by a court of general jurisdiction, adjudicating a valid service of summons, is conclusive on collateral attack and cannot be impeached for fraud.

DIVORCE—COMMUNITY PROPERTY—DIVISION—SUBSEQUENT ACTION. Where a divorce obtained by a husband made no mention of community property, the title thereto vests in the parties as tenants in common; and the wife has a right of action for a division or in lieu thereof some provision for maintenance.

SAME — SUBSEQUENT ACTION — LIMITATIONS — TENANTS IN COMMON. A decree of divorce making no mention of community property is not an assertion of an adverse claim thereto; and as the husband holds possession as a tenant in common, limitations do not run against the wife's right of action for a division.

Appeal from a judgment of the superior court for King county, Albertson, J., entered February 17, 1912, upon findings in favor of the plaintiff, in an action for divorce and other relief. Reversed.

[1]Reported in 125 Pac. 945.

*J. P. Ball* and *Frank E. Green*, for appellants.

*Glen R. Metsker*, for respondent.

Ellis, J.—The plaintiff and the defendant Hansel Harrison Hicks were married at Reno, Nevada, in August, 1892. They lived together in California until April, 1895, when the defendant went to Alaska where he has since resided. No children were born of the marriage. In March, 1904, the defendant Hansel Harrison Hicks brought an action for divorce against the plaintiff in the United States district court for Alaska, third division, and on May 2, 1905, procured in that court a decree of divorce which, after reciting that the defendant (plaintiff here) "was duly served with summons by publication as required by law," decreed as follows:

"Wherefore it is here ordered, adjudged and decreed that the marriage between the plaintiff, Hansel Harrison Hicks, and the said defendant Maggie Hicks, is dissolved and the same is hereby dissolved and the said parties are and each of them is freed and absolutely released from the bonds of matrimony and all the obligations thereof."

Some time in 1906, the defendant Hicks married Ida Allen, his co-respondent herein. On September 21, 1911, the plaintiff (respondent here) brought this action in the superior court of King county to procure a decree of divorce from the defendant Hansel Harrison Hicks, on the ground of desertion and infidelity, naming the other defendant as co-respondent. Both defendants were served personally with summons in King county. In this action the plaintiff sought to procure a division of property and also to have canceled and annulled the Alaska decree, upon the ground that it was entered without jurisdiction over the plaintiff herein, in that the summons was published upon a false and fraudulent affidavit, and that the publication of summons in the Alaska action and the decree founded thereon were void. The complaint alleged that, when he deserted the plaintiff, the defendant took with him $1,100, all of which was community

property, and $600 of which was earned by plaintiff's labor, and that with this money as a capital he has since accumulated a large amount of property and has conveyed a large part of such property to the co-respondent.

The answer denied the principal allegations of the complaint, and set up, as affirmative defenses, estoppel of the plaintiff by her laches to question the Alaska decree, and that any attack upon that decree for fraud was barred by the statute of limitations. A trial was had to the court, which found facts substantially as set out in the complaint, and entered a decree declaring null and void the Alaska decree, and dissolving the marriage tie between the plaintiff and the defendant Hansel Harrison Hicks, and awarding the plaintiff judgment for $2,500 for maintenance and support and $250 as an attorney's fee. The defendants have appealed.

The appellants contend that the trial court erred in declaring the Alaska decree void. This contention must be sustained. The main purpose of this action was to obtain a decree of divorce and a division of community property, not simply to annul the Alaska decree. The annulling of that decree was a mere incident to the primary purpose of this action. This action is therefore a collateral attack upon that decree. 1 Black, Judgments (2d ed.), § 252; *Peyton v. Peyton*, 28 Wash. 278, 68 Pac. 757. That decree was valid upon its face. It was entered by a court of general jurisdiction. The subject-matter was within its jurisdiction. The complaint in this action alleges that, in the Alaska suit, an affidavit stated that the place of residence of the plaintiff here, defendant there, was unknown, and that her last known place of residence was San Diego, California. No irregularity in the affidavit is claimed. It is attacked solely as being false, a matter which could only be established by evidence outside of the Alaska record. The proof of the publication of summons appearing in that record is regular. The decree recites that the defendant was served by publication as required by law. This adjudication of valid service is as

conclusive as that upon any other question is the case as against collateral attack. *Peyton v. Peyton, supra.* As did the plaintiff in the *Peyton* case, the respondent here seeks to avoid the former decree as having been obtained by fraud. The following language there quoted with approval is equally applicable here:

"Fraud in procuring a judgment cannot be shown by the parties to such judgment, in any collateral proceeding." 1 Freeman, Judgments (4th ed.), § 132

It follows that the court erred in admitting evidence of matters outside of the record of the Alaska suit to impeach the decree, and in holding that decree void; and also erred in granting the decree of divorce in this action. The principles announced in the *Peyton* case are conclusive on these points.

But it does not follow that the respondent was entitled to no relief. The Alaska decree made no disposition of property, and contained no reference to the property rights of the parties. It was confined to a dissolution of the marriage tie. The complaint in this action set up facts which, if established by competent evidence, would entitle the respondent to a division of the property acquired as community property by the appellant prior to his obtaining the Alaska divorce, or in lieu thereof some provision for maintenance. That was a part of the relief sought in this action. A dissolution of the community by a decree of divorce which makes no mention of the property does not divest the title. The community being terminated, the community property becomes common property. Of necessity the title vests in the members of the former community as tenants in common. *Ambrose v. Moore*, 46 Wash. 463, 90 Pac. 588, 11 L. R. A. (N. S.) 103.

The statute of limitations has no application to this phase of the case. During the coverture, the husband was entitled to the possession of the community property which he held, in a sense, as trustee for the community. When, by the dissolution of the marriage, the community property became property held in common, the possession of one was the pos-

session of both. The divorce decree which made no mention of property was no assertion of an adverse claim upon the appellant's part. It was no such notice of an adverse holding or claim on his part as would set the statute in motion as against the respondent. She is still entitled to an equitable accounting.

The trial court awarded to the respondent $2,500 for maintenance and support, but inasmuch as the cause was tried upon an erroneous theory, and that award was made as ancillary to a decree of divorce, we cannot say that, had the inquiry been confined to the issue of a division of the property or provision for maintenance, the same result would have been reached.

The judgment is therefore reversed, and the cause remanded for a new trial, with direction to permit the parties to so frame the pleadings as to present and try out this issue, and upon the evidence to make such a division of property or provision for maintenance as the equities of the case may warrant.

FULLERTON, MOUNT, and MORRIS, JJ., concur.