[No. 13347. Department One. November 14, 1916.]

LOTAN R. DOLBY, *Respondent*, v. LIBBIE DOLBY, *Appellant*.[1]

DIVORCE—CUSTODY OF CHILDREN—MODIFICATION—SUIT MONEY—ALLOWANCE AFTER DECREE. Rem. 1915 Code, § 988, authorizing suit money pending an action for divorce, presupposes the existence of the marital relation; and after a divorce is granted, settling property rights and the custody of the child, the court cannot, upon the father's application for modification of the decree respecting the child's custody, require the payment of suit money and attorney's fees to aid the mother in her defense to the motion.

Appeal from an order of the superior court for Spokane county, Kennan, J., entered December 22, 1915, denying a motion for an order requiring the payment of suit money and attorney's fees into court pending the hearing of a petition for the modification of a divorce decree. Affirmed.

*Roche & Onstine* and *George Gregory*, for appellant.

*Losey & Newton*, for respondent.

FULLERTON, J.—On February 13, 1909, the appellant, Libbie Dolby, procured an absolute divorce from respondent, Lotan R. Dolby. By the terms of the decree, the property rights of the parties were fixed and determined and the custody of their minor child awarded to the appellant, subject to the right of the respondent to visit the child at fixed periods.

A petition was subsequently filed by the respondent praying that the decree be modified to the extent that he be awarded the care and custody of the child in place of the appellant, alleging, among other things, that the appellant was not a fit and proper person to have the child in her possession. The appellant then moved the court for an order requiring the respondent to pay to the clerk of the court the sum of $500 as suit money and attorney's fees so as to enable her to employ counsel and prepare her defense to the petition.

[1]Reported in 160 Pac. 950.

This appeal is taken from the order of the lower court overruling the motion.

As the respondent's contention is that the court had no legal authority to make such an order after the spouses had been divorced, this appeal presents but a single question of law, namely, is the existence of the marital relation a condition precedent to the power of the court to grant the wife attorney's fees. The appellant contends that the court has a right to allow attorney's fees in a proceeding of this character because it is not an independent action, but a continuation of the original divorce proceeding, and because the court has continuing jurisdiction over the custody of minor children. It is apparent, however, that this contention is immaterial if respondent's theory is correct. The statute provides (Rem. 1915 Code, § 988):

"Pending the action for divorce the court, or judge thereof, may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper, and such orders relative to the expenses of such action as will insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof; and on decreeing or refusing to decree a divorce, the court may, in its discretion, require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the action, when such divorce has been granted or refused, and give judgment therefor."

It is evident that this statute presupposes the existence of the marital relation as a condition to the right of the court to award the wife suit money and attorney's fees. *Hector v. Hector*, 51 Wash. 434, 99 Pac. 13; *Lake v. Lake*, 194 N. Y. 179, 87 N. E. 87; *Bishop v. Bishop*, 165 App. Div. 954, 150 N. Y. Supp. 660.

After the parties have been divorced and their property rights ·settled, the reason for the payment of attorney's fees by the husband no longer exists, as the court in dividing the property of the litigants takes into consideration their earning capacity in the future. Thereafter they sustain the rela-

tion of strangers toward each other, and certainly it could not be seriously contended that a stranger in an action of this kind would be entitled from the opposing party to suit money and attorney's fees.

The judgment is affirmed.

MORRIS, C. J., MOUNT, CHADWICK, and ELLIS, JJ., concur.