[No. 17332.  Department One.  December 21, 1922.]

MARY F. HAYTON, *Respondent*, v. CHARLES G. HAYTON,
*Appellant*.[1]

DIVORCE (67-1)—CUSTODY OF CHILDREN—MODIFICATION OF DECREE—
SUIT MONEY—ALLOWANCE AFTER DECREE.  Rem. Comp. Stat., § 995-4,
providing the court may make all necessary or proper orders on
petitions to change or modify a divorce decree, does not authorize
an order for suit money on the wife's application to change the
custody of a child; especially, in view of the explicit provisions of
Id., § 988, authorizing suit money only "pending the action."

Appeal from an order of the superior court for
Spokane county, Lindsley, J., entered February 4,
1922, requiring the payment of suit money and attor-
ney's fees pending the hearing of a petition for the
modification of a divorce decree. Reversed.

*Sharpstein, Smith & Sharpstein,* for appellant.

*Henry G. W. Knebel,* for respondent.

MACKINTOSH, J.—The respondent and appellant were
divorced in October, 1916, and in June, 1918, the re-
spondent was married to one Norris, and they are now
husband and wife.  The decree of divorce between re-
spondent and appellant granted the custody of a minor
child to the respondent.  In 1922, the appellant filed a
petition asking to have the custody of the child changed
from the respondent to the appellant, whereupon an
application was made by the respondent for an order
requiring the appellant to pay to her certain sums for
costs and temporary attorney's fees.  The order was
made and this appeal is therefrom.  The only question
is whether the court had the power to make such an
order.

In *Dolby v. Dolby*, 93 Wash. 350, 160 Pac. 950, de-
cided in 1916, this court held that, after a divorce has

[1]Reported in 211 Pac. 745.

been granted, no order can be made for the payment of suit money and attorney's fees to aid a divorced wife to defend a motion made by her former husband for the modification of the original decree of divorce respecting the child's custody. In 1921, the legislature, by chapter 109, Laws of 1921, p. 335, § 4 (Rem. Comp. Stat., § 995-4), added four new sections to the law upon divorce, providing for actions and proceedings to change or modify divorce decrees, so that there is now in the law the following provision:

"The court shall have power to cause either party to said action or proceeding to file so much or all of the records and files in the original divorce action or proceeding as the court shall deem necessary or proper; and to make and enter all necessary or proper orders for a full hearing and determination of said petition."

It is upon the final clause in this section that the order made in the instant case is attempted to be justified. This language, however, does not clearly indicate an authority to make the order here appealed from, and to our minds it cannot be correctly interpreted to give such authority. The legislature must be presumed to have had in its knowledge the law as laid down in the *Dolby* case, and had it been its intention to enact a statute overcoming that rule of law, it would seem that it would have used clear and explicit language in so doing. Such language was available and appears in Laws of 1921, p. 332, ch. 109, § 2 (Rem. Comp. Stat., § 988), where the legislature was dealing with the provision to be made for the expenses of the wife in defending the divorce action. The legislature used the following words: "Pending the action for the divorce, the court, or judge thereof, may make, . . . . . such orders relative to the expenses of such action as will insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof; . . . . ."

The fact that the legislature made this explicit provision for the wife's defense is a persuasive argument to us that the omission of such language in the provision for the defending of the action for modification of the decree was intentional, and that the legislature desired the law as laid down in the *Dolby* case to continue in effect.

The order appealed from is therefore reversed.

PARKER, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.