[Nos. 23328, 23370.   Department Two.   November 9, 1931.]

BESSIE M. DAVIS, *Respondent*, v. JAMES V. DAVIS, *Appellant*.[1]

[1]Reported in 4 P. (2d) 849; 8 P. (2d) 286.

*William Martin,* for appellant.
*Pemberton & Robinson,* for respondent.

HOLCOMB, J.—This is an appeal from an order made and entered on April 23, 1931, by Batchelor, J., denying the motion of appellant to quash and set aside a restraining order theretofore issued by Steinert, J., and in ordering appellant to pay into the registry of the court the sum of one hundred and fifty dollars per month on the first day of each and every month for respondent for the support of her daughter, Jacque, aged about ten years, and the further sum of one hundred and fifty dollars, forthwith, as suit money for expenses and maintenance of the action.

An original proceeding wherein an alternative writ of prohibition has been granted in this court directed to the court below and Brinker, J., to show cause, on a day appointed, why the court below should not be prohibited from making an order *pendente lite* for the payment of a further sum of one hundred and fifty dollars per month and the further sum of one hundred and fifty dollars to attorneys for respondent during the pendency of the litigation in this appeal, is also to be decided.

The complaint of respondent alleges that she and appellant intermarried in Seattle, Washington, on January 17, 1924; that appellant legally adopted the daughter of respondent named Jacque, aged ten years, residing with respondent in Seattle, Washington; that, after their marriage, they removed to the territory of

Alaska and there resided until January 27, 1929, when it is alleged they left Juneau, Alaska, and took up their residence in Seattle, Washington, with the intention of making that their permanent home; residing there for about seven months, when appellant was called to go to Alaska for business purposes and directed respondent to report to him upon property in Seattle desirable for their permanent home.

That thereafter, on a day in August, 1929, respondent advised appellant of the property so selected, and that, in response thereto, appellant notified respondent that he did not care ever to see her again and would not purchase the property; that respondent and her daughter continued to maintain their home in Seattle; that, disregarding his duties as a husband, appellant signed a complaint in the district court for the territory of Alaska, division No. 1, Juneau, Alaska, in which he was plaintiff and she was defendant, No. 3107-H, in which complaint he alleged that he had been a resident of Juneau, Alaska, for more than ten years last past continuously; that such allegation was false; that appellant had been a resident of Seattle, Washington, as alleged in respondent's complaint herein; that, in his complaint, appellant also alleged that this respondent had deserted him and had treated him cruelly; that, in his complaint, he alleged that he had adopted the daughter of this respondent and had made arrangements to support and keep the adopted child and would also keep the mother as long as she kept a home and cared for the child.

It was further alleged that, on November 15, 1930, in the district court for the territory of Alaska, division No. 1, at Juneau, the following decree was entered:

"This case having come on for hearing the 15th day of November, 1930, and the court having made its find-

ings of fact and conclusions of law, which are hereby referred to and made a part hereof, and the court being fully advised,

"It Is Ordered, Adjudged and Decreed that the plaintiff, James V. Davis, is hereby granted a decree of divorce from the defendant, Bessie M. Davis.

"And it is further ordered that the marriage relation existing between said plaintiff and said defendant be dissolved.

"Dated this 15th day of November, 1930.

(Seal)　　"Justin W. Harding, District Judge."

It is then alleged that the above decree was *ex parte;* that it was entered upon constructive service only; that this respondent made no personal appearance therein, was not within the territory of Alaska at the time of the entry of the same, and neither was she there at the time of the beginning of the action, having at all times herein resided in the state of Washington since she and her husband became residents thereof, as hereinbefore alleged.

The complaint then alleges that in the decree above mentioned it did not purport to determine the amount of alimony or property belonging to respondent; that appellant took possession of the household goods of respondent and of the automobile belonging to her, and has kept possession of all of the property belonging to her and appellant, and has given respondent only the small sum of one hundred and fifty dollars per month since the bringing of the action. It is next averred that appellant is threatening to discontinue these payments to respondent, pretending that he is under financial embarrassment, which she asserts is not true.

It is next alleged that appellant is threatening to leave Seattle for Alaska and take all the property of respondent and appellant, including a boat named "Roedda" and the automobile with him, and will do so unless enjoined from so doing; that respondent is

without means to prosecute this action, and prays that an order be entered to require appellant to pay her the sum of five hundred dollars for her temporary support and suit money and the further sum of five hundred dollars as temporary allowance for her attorneys' fees and the sum of three hundred dollars per month temporary alimony during the pendency of this action. There are allegations that a reasonable attorneys' fee to conduct the litigation in this matter is the sum of five thousand dollars, and that the property accumulated through the efforts of respondent and appellant during their marriage is worth not less than thirty thousand dollars.

An examination of the complaint of respondent discloses that nearly all her allegations have to do with the alleged property belonging to appellant, and that she has an interest therein, and that the decree of divorce in Alaska, which is not set out in entirety, makes no provision for alimony, property rights, or for the support of the minor child whom appellant adopted. There are no allegations stating any of the statutory grounds for divorce. All that respondent alleges is that the Alaska divorce was and is void, and that, if it be so declared, she be granted a divorce by the court below.

It is not proper for us to prejudge the validity or invalidity of the Alaska divorce upon this present appeal or the writ of prohibition. That may only be determined in the event the court below should render a final decree for or against appellant and it comes here on an appeal upon the merits. *State ex rel. Buttnick v. Superior Court*, 118 Wash. 604, 204 Pac. 177.

Even though appellant denies that the marriage relation exists between him and respondent, that is a matter yet to be determined upon the merits.

■ However, these orders for support money and suit money *pendente lite* are authorized by the statute (Rem. Comp. Stat., § 988). We have held that such orders are appealable *(State ex rel. Surry v. Superior Court,* 74 Wash. 689, 134 Pac. 178; *Dilatush v. Dilatush,* 102 Wash. 504, 173 Pac. 431); and that this court has not, and the superior court has, jurisdiction to grant suit money and temporary alimony pending appeals in such cases. *Griffith v. Griffith,* 71 Wash. 56, 127 Pac. 585; *Lewis v. Lewis,* 83 Wash. 671, 145 Pac. 980; *State ex rel. Buttnick v. Superior Court, supra.*

■ Relator insists that, when the marriage relation is denied, suit money and attorneys' fees cannot be allowed because the proceeding always presupposes the existence of the marriage relation, citing *Hector v. Hector,* 51 Wash. 434, 99 Pac. 13; *State ex rel. Lloyd v. Superior Court,* 55 Wash. 347, 104 Pac. 771, 25 L. R. A. (N. S.) 387; *Dolby v. Dolby,* 93 Wash. 350, 160 Pac. 950.

The issues in the case at bar have not been formulated as yet, although affidavits upon which the matter was entirely heard below put at issue whether or not a valid divorce existed at the time this action was begun by respondent.

Respondent alleges the invalidity of the Alaska divorce, although it is presumptively valid. The burden will be upon her at the final hearing of this matter to show its invalidity. In the meantime, she is entitled to maintain this action as an action, as we construe it to be, for separate maintenance and for support for the minor child of the parties. *State ex rel. Buttnick v. Superior Court, supra; Kimble v. Kimble,* 17 Wash. 75, 49 Pac. 216; *Gibson v. Gibson,* 18 Wash. 489, 51 Pac. 1041, 40 L. R. A. 587; *Adams v. Abbott,* 21 Wash.

29, 56 Pac. 931; *Hicks v. Hicks,* 69 Wash. 627, 125 Pac. 945.

In these cases this court held, in effect, that the wife may, subsequent to divorce, obtain further relief as to the property and alimony. In the *Hicks* case, *supra,* we said:

"But it does not follow that the respondent was entitled to no relief. The Alaska decree made no disposition of property, and contained no reference to the property rights of the parties. It was confined to a dissolution of the marriage tie. The complaint in this action set up facts which, if established by competent evidence, would entitle the respondent to a division of the property acquired as community property by the appellant prior to his obtaining the Alaska divorce, or in lieu thereof some provision for maintenance. That was a part of the relief sought in this action. A dissolution of the community by a decree of divorce which makes no mention of the property does not divest the title."

Upon the overwhelming showing made by appellant in this case that he was not the owner of the boat nor of the automobile in question, the trial court released those properties. Whatever other property he may have subject to the jurisdiction of the court has not yet been disclosed nor accounted for.

During the pendency of the litigation, under our statute, Rem. Comp. Stat., § 988 *et seq.,* a court may make such orders in the premises as shall seem just and equitable, and the injunctive power of the court in any such matters is invocable without the wife giving any bond or any notice being given except to show cause why the relief should not be granted. These equitable powers attach to the person of the defendant in the cause and control his management of the property in his possession even though it may be in a foreign jurisdiction.

■ We consider that the allowances made by the court below were well within the just discretion of the court pending the litigation and will be sustained. *Griffith v. Griffith, supra; Fitzpatrick v. Fitzpatrick,* 105 Wash. 394, 177 Pac. 790; *Yoder v. Yoder,* 105 Wash. 491, 178 Pac. 474, 3 A. L. R. 1104.

We conclude that the order appealed from must be affirmed; that the alternative writ of prohibition must be quashed and the permanent writ denied.

TOLMAN, C. J., MAIN, BEALS, and MILLARD, JJ., concur.

### ON PETITION FOR REHEARING.

#### [February 9, 1932.]

PER CURIAM.—Appellant has applied for a rehearing or, at any rate, for a modification of the opinion herein to make certain the allowances required to be paid by him pending the litigation. No valid reason for rehearing is shown, and it is denied.

One of the allowances below was $150 as suit money and expenses of the action, to the wife. The other was for an additional fee for her attorney for the appeal and in the prohibition proceeding brought by appellant. They should remain in force.

However, it was not intended to require the payment of more than the one allowance of $150 a month as maintenance for the minor child.

To that extent, in the interests of certainty, the opinion is modified.