[No. 26671. Department One. July 14, 1937.]

ALICE HAAKENSON, *as Executrix, Appellant*, v. ELLEN P. COLDIRON, *Respondent*, NEW YORK LIFE INSURANCE COMPANY, *Garnishee Defendant*.[1]

[1]Reported in 70 P. (2d) 294.

*L. B. Sulgrove,* for appellant.

*Robert B. Abel* and *John D. Ehrhart,* for respondent.

*Wright, Jones & Bronson,* for garnishee defendant.

MILLARD, J.—On October 17, 1936, the superior court for Pierce county, in an action brought by W. I. Coldiron against Ellen P. Coldiron, entered an interlocutory decree of divorce, under the terms of which the defendant was awarded alimony against the plaintiff in the amount of sixty dollars monthly, and a further sum of sixty-five dollars a month for the support of the minor child of the parties. That interlocutory order required the plaintiff to assign one hundred and twenty-five dollars monthly to the defendant from payments receivable by him from the New York Life Insurance Company, for health insurance.

On failure of the plaintiff to make the required assignment of insurance, and the plaintiff having failed to pay the alimony installments for November and December, 1936, and January, 1937, in the amount of three hundred and seventy-five dollars, and one hundred and sixty dollars for attorneys' fees awarded to the defendant by the interlocutory order of divorce, the defendant caused a writ of garnishment to be issued against the insurance company.

The insurance company answered that it had in its possession certain moneys due the plaintiff for disability payments under the provisions of his insurance policies. W. I. Coldiron filed a claim for exemption under the provisions of Rem. Rev. Stat., § 569 [P. C. § 7854-1], which reads as follows:

"That the proceeds or avails of all accident and health insurance heretofore or hereafter effected shall be exempt from all liability for any debt of the assured, and any debt of the beneficiary existing at the time the policy is made available for his use."

The trial of the cause to the court resulted in judgment against the New York Life Insurance Company in favor of Ellen P. Coldiron. She was awarded in that judgment an additional sum of sixty dollars for services of her attorneys in the garnishment proceedings. W. I. Coldiron has appealed.

Coldiron died subsequent to his appeal to this court. Alice Haakenson, executrix under his will, is substituted in her official capacity as appellant herein.

Counsel for appellant first contends that, as respondent is a judgment creditor, the funds attached by the writ of garnishment are exempt under the provisions of Rem. Rev. Stat., § 569, quoted above.

In the case of *Boudwin v. Boudwin,* 159 Wash. 262, 292 Pac. 1017, we held that a decree awarding alimony in specific monthly installments, being final and conclusive as to accrued installments, constitutes, in so far as accrued installments are concerned, such a judgment as affords a legal basis for a writ of garnishment as to installments accrued less than six years prior to the writ.

Alimony and support money payments due are not a debt, as that term is used in the statute. The implied contract to support the wife is incident to the marriage relation. Alimony is a general duty of support made specific and measured by the court. 19 C. J. 296.

If the funds in controversy are exempt, then the wages of the divorced husband, upon remarriage, would be exempt under our community property law. A divorced husband cannot, by remarriage, escape the obligation to pay alimony imposed upon him for the support of his divorced wife and minor child, even if the additional burdens imposed by his remarriage tend to exhaust his earnings, since his divorced wife and child have a prior claim upon his earnings until the modification of the decree in a direct proceeding.

therefor. *State ex rel. Brown v. Brown,* 31 Wash. 397, 72 Pac. 86, 62 L. R. A. 974.

If alimony were a debt due to the wife, the divorced husband could not be imprisoned for failure to pay it. *In re Cave,* 26 Wash. 213, 66 Pac. 425, 90 Am. St. 736. The allowance of alimony to the wife is not a debt or liability within the meaning of any provision of our constitution, or any statute relating to exemptions.

▮ Counsel for appellant insists that the right to allow attorney's fees in addition to a judgment arises either out of contract or by virtue of some specific statute authorizing the same, therefore the court had no authority to award sixty dollars to the respondent for the services performed by her attorneys in the garnishment proceeding.

Counsel for respondent argue that, as the respondent is not an ordinary judgment creditor, but a party to a divorce action seeking enforcement of the terms of the interlocutory order of divorce, it was within the power of the court, under the provisions of Rem. Rev. Stat. (Sup.), § 988 [P. C. § 7507] (Laws of 1933, p. 432, § 1), to allow to the respondent an additional attorney's fee for the services of her counsel in the garnishment proceeding.

Attorney's fees may be allowed only in cases where a statute so provides. We have no statute under which attorney's fees may be awarded to the judgment creditor in a garnishment proceeding. After a divorce is granted and the property rights of the parties and the custody of the children are settled, the court can not, in a garnishment proceeding, require the payment of suit money and attorney's fees to aid the divorced wife in the prosecution of garnishment proceedings, as we have no statute authorizing the allowance of suit money and attorney's fees to the divorced wife in such actions.

In *Dolby v. Dolby*, 93 Wash. 350, 160 Pac. 950, we held that Rem. 1915 Code, § 988, upon which respondent relies, presupposes the existence of the marital relation as a condition to the right of the court to award suit money and attorney's fees to the wife. In that case, the wife procured an absolute divorce from her husband. By the terms of the decree, the property rights of the parties were determined and the custody of their minor child was awarded to the mother. Subsequently, the father sought a modification of the decree to the extent that he be awarded the care and custody of the child. The wife moved the court for an order requiring her divorced husband to pay a certain sum as suit money and attorney's fees so as to enable her to employ counsel and prepare her defense to the petition. From the order overruling her motion, the wife appealed. We said:

"As the respondent's contention is that the court had no legal authority to make such an order after the spouses had been divorced, this appeal presents but a single question of law, namely, is the existence of the marital relation a condition precedent to the power of the court to grant the wife attorney's fees. The appellant contends that the court has a right to allow attorney's fees in a proceeding of this character because it is not an independent action, but a continuation of the original divorce proceeding, and because the court has continuing jurisdiction over the custody of minor children. It is apparent, however, that this contention is immaterial if respondent's theory is correct. The statute provides (Rem. 1915 Code, § 988):

" 'Pending the action for divorce the court, or judge thereof, may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper, and such orders relative to the expenses of such action as will insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof; and on decreeing or refusing to decree a di-

vorce, the court may, in its discretion, require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the action, when such divorce has been granted or refused, and give judgment therefor.'

"It is evident that this statute presupposes the existence of the marital relation as a condition to the right of the court to award the wife suit money and attorney's fees. *Hector v. Hector,* 51 Wash. 434, 99 Pac. 13; *Lake v. Lake,* 194 N. Y. 179, 87 N. E. 87; *Bishop v. Bishop,* 165 App. Div. 954, 150 N. Y. Supp. 660.

"After the parties have been divorced and their property rights settled, the reason for the payment of attorney's fees by the husband no longer exists, as the court in dividing the property of the litigants takes into consideration their earning capacity in the future. Thereafter they sustain the relation of strangers toward each other, and certainly it could not be seriously contended that a stranger in an action of this kind would be entitled from the opposing party to suit money and attorney's fees."

The judgment is reduced in the amount of sixty dollars. With this modification, the judgment is affirmed. Respondent will recover costs on appeal.

BLAKE, GERAGHTY, and MAIN, JJ., concur.

STEINERT, C. J. (dissenting in part)—The reduction in the amount of the judgment being a substantial one, respondent should not, in my opinion, be allowed costs. To that extent I dissent.