[Civil No. 3918. Filed November 1, 1937.]

[72 Pac. (2d) 939.]

CURTIS W. LONG, Petitioner, v. LEE N. STRATTON, Judge of the Superior Court of Graham County, Respondent.

Mr. Benjamin Blake and Messrs. Woolf & Shute, for Petitioner.

Mr. Rouland W. Hill, for Respondent.

ROSS, J.—Petitioner Long was, on February 23, 1937, cited by respondent to show cause why he should not be punished for contempt for failure to pay to his divorced wife, Waldy O. Long, monthly installments as provided in the decree of divorce; and he, contending that respondent was without jurisdiction to punish for contempt, sued out a writ of *certiorari* that this court might review the proceedings.

The grounds upon which petitioner predicates his contentions are: (1) That the divorce complaint does not state a cause of action; and (2) that the parties having made a community property settlement between themselves it was binding upon them as also upon the court, and that the court could not in its decree of divorce provide for alimony to be paid the wife, and its attempt to do so was null and void. In view of these contentions, we set out such portions of the complaint for divorce and of the agreement to settle

community property rights and of the decree as are material to the questions raised.

The complaint was filed in the superior court of Graham county on January 20, 1934, and, after alleging residence, the marriage, that there were no children, alleged and prayed as follows:

"IV. That since the marriage the defendant has treated the plaintiff in a cruel and inhuman manner and in particular as follows: that the defendant has cursed and abused the plaintiff and accused her of many acts not becoming to the dignity of the marriage relation and has threatened to use physical violence, to-wit, by slapping her."

"VI. That there is community property belonging to plaintiff and defendant of questionable value."

"VII. That together with this complaint there is filed an agreement of separate maintenance and settlement of property rights, marked 'Exhibit A,' which has been agreed upon by the plaintiff and defendant and the plaintiff is asking this honorable court to approve this settlement of property rights.

"Wherefore, Plaintiff demands judgment: . . .

"II. That the court approve the agreement of property settlement marked 'Exhibit A' in plaintiff's complaint," and for equitable relief.

The judgment, dated February 19, 1934, after reciting the presence of plaintiff and her attorney, states petitioner, as defendant, did not appear, although regularly served with process, and proceeds:

"3. That the defendant is guilty of cruel and inhuman treatment of plaintiff.

"4. That the plaintiff, Waldy O. Long, is entitled to an absolute divorce from the defendant, Curtis W. Long.

"5. That the plaintiff and defendant have agreed on a property settlement, which was made part of plaintiff's complaint and which is in words and figures as follows, to-wit:

" 'Exhibit A'

"Agreement.

"This agreement made and entered into this 20th day of January, 1934 by and between Waldy O. Long, party of the first part, and Curtis W. Long, party of the second part.

"Whereas, the parties hereto have been living as husband and wife since July 5, 1922, and as husband and wife have accumulated property and have also become greatly indebted, and that their debts now probably exceed in value their property, and it is the mutual desire of both parties hereto to live separate and apart and to make a division of all of their community property and as to such portion as each shall be granted it is their desire that that portion given to each of them shall be separate property of the respective parties.

"Whereas, the party of the first part desires to sell and convey to the party of the second part all of her right, title and interest in and to all of the community property of the party of the first part and contemporaneous with this agreement desires to relieve the party of the second part of all his responsibility and obligations incurred by law to support and maintain the said party of the first part.

"Witnesseth: The party of the first part does hereby in this instrument sell, transfer, set over, convey and assign to the party of the second part all of the community interest of said party of the first part in and to the community property of Waldy O. Long and Curtis W. Long, consisting of both personal property and real estate, and relieve said party of the second part of all his obligations to maintain and support said party of the first part, for and in consideration of the following:

"The party of the second part is to pay to the party of the first part Forty and no/100 ($40.00) Dollars per month, each and every month, until said party of the first part shall remarry or until four (4) years shall have elapsed, and upon the remarriage of said party of the first part or said four years to have elapsed, whichever shall occur first, the party of the second part shall pay to the party of the first part the sum of Five Hundred and no/100 ($500.00) Dollars.

In the event of the remarriage of the party of the first part then all monthly payments shall cease and after thirty days' notice the party of the second part will be obligated to pay to the party of the first part said Five Hundred and no/100 ($500.00) Dollars.

"It is further understood by both parties hereto that the party of the first part is to have all of the furniture belonging to the community of Waldy O. Long and Curtis W. Long now located in the house which they are living in in Safford, Arizona, except one dresser, and in lieu of this dresser the party of the first part is to have a dresser now located in Miami, Arizona.

"The above entitled payments of Forty Dollars per month until remarriage or four years shall have expired, whichever shall occur first, together with the Five Hundred Dollar payment, and the furniture described above, shall constitute a full and complete settlement of all of the community interest between the parties hereto, together with the party of the first part's right of support from the party of the second part." . . .

The judgment then proceeds:

"Now, therefore, the Court finds that the $40.00 payments outlined in the Agreement shall be paid on or before the 19th day of each and every month, commencing this date.

"Now, therefore, it is ordered, that the plaintiff have an absolute divorce from the defendant, that the property settlement as prayed for in plaintiff's complaint and marked 'Exhibit A' is approved by this Court, together with supplemental agreement of plaintiff and defendant granting plaintiff clear title to one Graham Paige Sedan, Engine No. 722229, Serial No. 717047, Model No. 615, Year 1929; and the defendant is hereby ordered to commence on this date (February 19, 1934) to make the monthly $40.00 payments as outlined in Agreement Marked 'Exhibit A' of plaintiff's complaint."

It appears that Waldy O. Long has not remarried; that petitioner has not paid her the monthly installments of $40 since July, 1935; and that unless he purges himself by making payments, or shows that he

has no assets and is unable to pay, the court will punish him for contempt.

 The contention that the decree of divorce is null and void because the facts stated in the complaint as grounds for divorce are insufficient to give the court jurisdiction cannot be entertained in this proceeding. A judgment cannot be impeached collaterally for defects in pleadings which are amendable, even though the pleadings are bad on general demurrer. 34 C. J. 560, § 860. Cited to this text is *Tube City Min. Co.* v. *Otterson,* 16 Ariz. 305, 146 Pac. 203, L.R.A. 1916E 303, in which it was held that if the case stated in a complaint belonged to a general class over which the court's authority extended, there is jurisdiction, and the court has power to decide whether the pleading is good or bad. This is the well-settled rule. *Collins* v. *Superior Court of Maricopa County,* 48 Ariz. 381, 62 Pac. (2d) 131; *State* v. *District Court of Fifth Judicial Dist.,* 100 Mont. 131, 46 Pac. (2d) 39.

As to whether the court under the law and the facts had jurisdiction to order or direct the petitioner to pay his wife on the 19th day of each month $40 is the next question. The contract settling the property interests does not state that it was made in contemplation of a divorce. It is dated January 19th, and the complaint for divorce was filed on January 20, 1934, to which the contract was attached as an exhibit. It was described in the complaint as "an agreement of separate maintenance and settlement of property rights." The court was asked "to approve this settlement of property rights." In its judgment the court ordered:

"That the property settlement as prayed for . . . is approved . . . and the defendant (Petitioner) is hereby ordered to commence on this date (February 19, 1934) to make the monthly $40.00 payments as out-

lined in agreement marked 'Exhibit A' of plaintiff's complaint.''

The case was not contested. All the facts would indicate that the petitioner and his wife had a common understanding as to the divorce proceeding. Petitioner did not appeal from the judgment directing him to pay the installments agreed to, but, on the contrary, let the time for appeal lapse and the judgment become final, and performed the court's directions for a year and a half.

A husband and wife may settle their property rights, and if the settlement is fair and equitable, and free from fraud and undue influence, it will be approved by the court. *Roden* v. *Roden,* 29 Ariz. 398, 242 Pac. 337. The jurisdiction of the court over the community property rights of the husband and wife can be exercised only when one of them has invoked it in a divorce proceeding against the other. When it is invoked, it is by the statute made the duty of the court in its final decree granting the divorce to divide the community property, and, in addition thereto, or in lieu thereof, to provide that the husband pay to the wife ''support and maintenance'' money, in such amounts as are necessary and proper. The pertinent part of such statute, section 2187, Rev. Code 1928, reads as follows:

''In the final decree of divorce the court may, in addition to the division of the common property of the parties, or in lieu thereof, direct the husband to pay to the wife such amounts as may be necessary for the support and maintenance of the wife, . . . and may decree that said amount may be paid in one sum or in instalments.''

Under this statute it seems that it was intended to place upon the court the duty of dividing the common property and fixing the liability of the husband for the wife's support and maintenance. Of course the

court may, and ordinarily will, accept and adopt in its decree the terms of any property settlement submitted to it by the parties, but it does not have to do so, and if it does it is none the less the court's decree that gives such settlement its validity. As was said in *Karteus* v. *Karteus*, (N. D.) 272 N. W. 185, 187, construing a statute very like our section 2187, *supra,* in connection with a state of facts like those here:

"The decree lost none of its effectiveness because the court accepted *in toto* the provisions of the stipulation instead of modifying them as he unquestionably had a right to do. The court, by determining that the stipulation was fair and entitled to be incorporated in the decree, did not deprive the decree of any of its statutory attributes as a mandate of the court. The stipulation does not indicate that the parties intended that the decree in this action might be enforced in any other manner than the usual decree in a divorce action, or that it would lack any of the normal powers of enforcement which a decree rendered under section 4405 [Comp. Laws 1913] might have."

A decree for alimony differs from an ordinary judgment for money. The latter merely determines an amount owing, while the former directly commands the defendant to pay. *Ridenour* v. *Ridenour,* 174 Wash. 152, 24 Pac. (2d) 418. Here there is a definite and unconditional order to the petitioner (defendant in the divorce case) to pay to the wife $40 a month. The judgment bears all of the marks of one for support and maintenance, as provided in the statute. One of the conditions of the settlement agreement was to the effect that if the husband should make all the payments agreed upon it should be "a full and complete settlement of all of the community interest between the parties hereto, together with the party of the first part's right of support from the party of the second part." In other words, the court probably felt that the unexecuted agreement was not full acquittance, and that

the court should retain the power in its judgment to see that the husband faithfully and honestly performed his agreement, and for that reason directed the payment of the $40 per month.

The petitioner cites and relies upon *Schnerr* v. *Schnerr,* 128 Cal. App. 363, 17 Pac. (2d) 749, to support his contentions. The agreement before the court in the Schnerr case is very much like the agreement here, but the court in its judgment did not direct the husband to pay monthly installments as he had agreed to do in his agreement, and for that reason he was held not in contempt for failure to make such payments. The judgment was:

"It is further ordered, adjudged and decreed, and this court does hereby order . . . that the agreement between the parties hereto made and entered into under date of October 21, 1924, settling the respective property rights of said parties be and the same is hereby confirmed, ratified and approved, and the property rights of the said parties established as in said agreement set forth."

The court held such judgment insufficient to support contempt proceedings because the agreement was not made a part of the judgment, differentiating it from the facts in *Tripp* v. *Superior Court,* 61 Cal. App. 64, 214 Pac. 252, and *Ex parte Weiler,* 106 Cal. App. 485, 289 Pac. 645. In other words, the courts, at least many of them, although there are some to the contrary, seem to hold that a property settlement merely filed and referred to in the court's judgment and approved will not be enforced by contempt proceedings. *Baxter* v. *Baxter,* 3 Cal. App. (2d) 676, 40 Pac. (2d) 536; *Ridenour* v. *Ridenour, supra.*

 The court certainly had jurisdiction of the community property as also the matter of support of the wife. Such powers are incidents to the divorce proceeding.

Under the above authorities, the direction in the decree that the husband pay the wife $40 per month may not be collaterally impeached any more than the divorce decree.

Petitioner argues that the order or direction to him to pay the monthly installments on the 19th of each month is not within the pleadings, and that the judgment must be responsive to the pleadings; also, that there was no prayer in the complaint for alimony or support money. These are complaints that might well have been made in a direct proceeding by appeal, but we do not think they go to the jurisdiction of the court. Besides, there was a general prayer for equitable relief, and the matter of the support and maintenance of the wife was directly involved.

We conclude the proceedings below should be affirmed, and it is accordingly so ordered.

McALISTER, C. J., and LOCKWOOD, J., concur.