388 P.2d 417

**Irving W. GARDNER and Sally Gardner, husband and wife, Appellants,**

**v.**

**Ida Janet GARDNER, also known as Jane W. Gardner, Appellee.**

**No. 7151.**

Supreme Court of Arizona.

En Banc.

Jan. 22, 1964.

Wilson & Books, Tucson, for appellants.

William Gordon, Tucson, for appellee.

LOCKWOOD, Vice Chief Justice.

This case concerns the liability of the community property of a second marriage

for payment of the husband's first-marriage alimony obligation. The trial court determined that the whole of such community property was liable for unpaid alimony to the former wife. This appeal followed.

The following facts are undisputed. Irving Gardner, the appellant, was divorced in Nevada from Ida Janet Gardner, the appellee. A support order was entered in favor of the appellee and later reduced to a judgment in Nevada. Meanwhile, the appellant had remarried and established his domicile in Arizona with his new wife. So the appellee reduced her Nevada money judgment to an Arizona money judgment in this action. The appellants counterclaimed for a declaratory judgment exempting the community property of the second marriage from the Arizona judgment. The parties moved for summary judgment on the counterclaim and the trial court ruled that all the community property of the second marriage could be reached to satisfy the judgment.

Our decision in this case rests chiefly on our construction of A.R.S. § 25–216, subd. B. This section provides:

"The community property of the husband and wife is liable for the community debts contracted by the husband during marriage unless specially excepted by law."

This Court in Cosper v. Valley Bank, 28 Ariz. 373, 237 P. 175 (1925), construing this section, held that community property cannot be reached to satisfy separate contractual debts of the husband. We restated this principle in Forsythe v. Paschal, 34 Ariz. 380, at 387, 271 P. 865, at 867 (1928):

"In the absence of a positive statutory injunction to the contrary, we hold, therefore, that, so long as the community estate remains such, it may not be subjected to the individual debts of either husband or wife contracted before marriage any more than those contracted after marriage."

The key question in the instant case, therefore, is whether alimony from a prior marriage is a "contracted" debt within the language and purpose of A.R.S. § 25–216, subd. B and the Cosper and Forsythe cases. The appellants contend that "alimony debts come within the general rule and hence may not be satisfied out of the community property of the husband and his new wife." We disagree. Many cases from other jurisdictions have distinguished between an alimony obligation and a contracted debt. For example, the United States Supreme Court said in Audubon v. Shufeldt, 181 U. S. 575, at 577, 21 S.Ct. 735, at 736, 45 L.Ed. 1009 (1901):

"Alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the hus-

band to support the wife. The general obligation to support is made specific by the decree of the court of appropriate jurisdiction. Generally speaking, alimony may be altered by that court at any time, as the circumstances of the parties may require."

The Supreme Court of Ohio reached the same conclusion in Fickel v. Granger, 83 Ohio St. 101, 93 N.E. 527, 32 L.R.A.,N.S., 270, at 273 (1910):

"Alimony is an allowance for support, which is made upon considerations of equity and public policy. It is not property of the wife recoverable as debt, damages, or penalty. [Cite omitted.] It is based upon the obligation, growing out of the marriage relation, that the husband must support his wife, an obligation which continues even after a legal separation without her fault. Being thus founded upon public policy and created in equity, it cannot be diverted from the purpose of support without public injury; and therefore the courts which create the fund should see that it is not subjected to the ca-

pacity of pre-existing creditors, who necessarily became such on the faith and credit of other funds. Such creditors have no claim on the support provided by the husband during the existence of the marriage relation."

See also: Long v. Stratton, 50 Ariz. 427, 72 P.2d 939 (1937); Fazzio v. Krieger, 226 La. 511, 76 So.2d 713 (1954); Haakenson v. Coldiron, 190 Wash. 627, 70 P.2d 294 (1937); Lewis v. Lewis, 80 Ga. 706, 6 S.E. 918 (1888). Consequently, for the purposes of A.R.S. § 25–216, subd. B, we distinguish between an alimony obligation and a contracted debt.

Essentially, our decision in this case rests on public policy. The obligations of marriage cannot be thrown aside like an old coat when a more attractive style comes along. An alimony debt from a previous marriage can be satisfied out of the community property.

Judgment affirmed.

UDALL, C. J., and STRUCKMEYER, BERNSTEIN and JENNINGS, JJ., concur.