**Angus J. DePINTO and Margaret F. DePinto, Appellants,**

and

**James D. Donohue, as Trustee in Bankruptcy for the Estate of Angus J. DePinto, Intervenor-Appellant,**

v.

**PROVIDENT SECURITY LIFE INSURANCE COMPANY, and Albert J. Doig, Appellees.**

**Nos. 20308, 20656.**

United States Court of Appeals
Ninth Circuit.

Feb. 24, 1967.

Herbert Mallamo, Evans, Kitchel & Jenckes, Joseph S. Jenckes, Jr., Phoenix, Ariz., for appellant, DePinto.

Anthony O. Jones and Joseph K. Brinig, Phoenix, Ariz., for intervenor, Donohue.

McLane & McLane, Wm. Lee McLane, Nola McLane, Thaddeus Rojek, Washington, D. C., Harold Kohn, Dilworth, Paxson, Kalish, Kohn & Dilks, Harold E. Kohn, Philadelphia, Pa., Elsing & Crable, Phoenix, Ariz., for appellees.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

HAMLEY, Circuit Judge.

Angus J. DePinto and his wife, Margaret F. DePinto, brought this action in the United States District Court for the District of Arizona against Provident Security Life Insurance Company (Provident), and Albert J. Doig. Plaintiffs seek an adjudication that a judgment in the amount of $314,794.19, which defendants obtained against DePinto on June 28, 1965, in the same district court in Cause No. Civ. 2974—Phx., does not constitute a community obligation of the DePintos which may be satisfied out of their community property.[1] Plaintiffs also seek a permanent injunction prohibiting defendants from issuing, or causing to be issued, levied or served upon and against plaintiffs' community property, writs of execution, writs of garnishment or other process for satisfaction of the June 28, 1965 judgment.

At the time the complaint was filed, plaintiffs moved for a temporary restraining order without notice, and for a preliminary injunction. The motion for a temporary restraining order was denied, and the motion for a preliminary injunction was noted for hearing. At this hearing testimony and documentary evidence was received and on August 4, 1965, the district court entered an opinion and order denying plaintiffs' motion for a preliminary injunction.

Pursuant to 28 U.S.C. § 1292(a) (1) (1964), plaintiffs appealed, and moved in this court for an injunction pending appeal. The appeal was docketed as No. 20308. On August 18, 1965, while plaintiffs' motion was pending here, Angus DePinto filed a voluntary petition for an arrangement under Chapter XI of the Bankruptcy Act, 52 Stat. 905 (1938), 11 U.S.C. § 701 et seq. In that proceeding and at that time, DePinto obtained, without notice, a restraining order signed by a Referee in Bankruptcy preventing further execution of the June 28, 1965 judgment. This court subsequently denied plaintiffs' above-mentioned motion for an injunction pending appeal in Docket No. 20308.

While this appeal was pending in our court, defendants Doig and Provident filed separate answers in the trial court joining issue on the critical allegations of the complaint.[2] They also filed separate motions for summary judgment for

---

1. The judgment of June 28, 1965 has been affirmed by this court today in DePinto v. Provident Security Life Insurance Company, 374 F.2d 37, Docket No. 20553. In note 2 of that opinion we reviewed the appellant history of this extensive litigation.

2. An appeal from an interlocutory order, taken pursuant to 28 U.S.C. § 1292(a) (1) (1964), does not divest the trial court of jurisdiction to continue with other phases of the case. Phelan v. Taitano, 9 Cir., 233 F.2d 117, 119.

defendants.[3] Plaintiffs filed an objection to defendants' motions for summary judgment, supported by the affidavits of Angus DePinto, Joseph S. Lentz and Paul M. Roca. The district court granted defendants' motions for summary judgment, and entered a summary judgment dismissing the action as to both defendants.

Plaintiffs' appeal therefrom was docketed in this court as No. 20656, and was here consolidated with No. 20308, referred to above. DePinto was subsequently adjudicated a bankrupt and James P. Donohue was appointed as Trustee in Bankruptcy. We then entered an order permitting the Trustee to intervene in these consolidated appeals. He has done so and, since his asserted interests are identical with those of the DePintos, he has joined with them in their briefs filed in these appeals.[4]

The $314,794.19 judgment which Provident obtained against DePinto on June 28, 1965, is based upon a jury verdict. Inherent in this verdict are findings to the effect that DePinto was negligent, breached his fiduciary duties during his service as a director of United Security Life (United), and that such negligence and breach of duty constituted a proximate cause of the loss suffered by United in the indicated amount.[5]

In seeking to free their community property from this judgment, plaintiffs contend that in Arizona, which is a community property state, the community is liable for damages resulting from the tortious acts of a spouse only when such acts are done in furtherance of a community purpose.[6]

Defendants dispute this contention, arguing that, under present Arizona law, a husband, working as a corporate director, subjects the community to liability when he commits a tort against his corporation, whether or not he was serving a community purpose while acting as a director. In support of this view, defendants rely primarily upon Mortensen v. Knight, 81 Ariz. 325, 305 P.2d 463, 466, and Gardner v. Gardner, 95 Ariz. 202, 388 P.2d 417.

In *Mortensen*, the Supreme Court of Arizona departed from its previous practice of placing the greatest weight on the community property decisions of the State of Washington, holding that the community property decisions of California and Texas are equally persuasive. Defendants assert that this warrants reliance on California and Texas decisions dealing with the point in issue, and that the decisions of those states bear out defendants' view that community liability for the torts of the husband no longer depends upon whether the husband's activity serves a community purpose at the time of the tortious act. In *Gardner*, it was held that an alimony award is not a contractual obligation of the husband within the meaning of A.R.S. § 25–216, subd. B., and that considerations of public policy require that such an award be a charge against the community property acquired by the husband and his second wife.

We do not believe that either of these decisions undermines the long-standing law of Arizona, tacitly recognized as recently as Hays v. Richardson, 95 Ariz. 64, 386 P.2d 791, 792, that community property is not subject to dam-

---

3. The motions were based upon "* * * Rule 56, the cases thereunder, the pleadings, oral testimony at the hearing on the application for a 'preliminary injunction,' the certified transcript in Civil No. 2974, exhibits at the said hearing, presumptions, concessions of counsel, stipulations, and additional material admissible in evidence or otherwise usable at a trial."

4. Defendants moved to dismiss these appeals on the ground that, in view of the

pending bankruptcy proceedings, neither the DePintos nor the Trustee in Bankruptcy has any legally cognizable interest in protecting the community property from the judgment of June 28, 1965.

5. United later merged with Provident, one of the defendants in the present action.

6. Plaintiffs alleged in their complaint that all their property is community property. The district court accepted this allegation as a fact.

age awards for the torts of the husband, unless the husband was serving a community purpose at the time of the tort. See Babcock v. Tam, 9 Cir., 156 F.2d 116, 119; Rodgers v. Bryan, 82 Ariz. 143, 309 P.2d 773; Shaw v. Greer, 67 Ariz. 223, 194 P.2d 430, 433–434; McFadden v. Watson, 51 Ariz. 110, 74 P.2d 1181, 1182.[7]

Plaintiffs assert in the allegations of their complaint quoted in the margin, that none of the acts of DePinto which led to entry of the judgment of June 28, 1965, were done in furtherance of a community purpose.[8]

In its opinion and order denying the motion for a preliminary injunction, entered after an evidentiary hearing, the district court accepted, as a fact, plaintiffs' allegation that neither of the De-Pintos had ever owned any securities issued by United. The court further accepted, as facts, plaintiffs' allegations that neither of the DePintos had received any compensation or expected to receive any compensation from United, and that DePinto served on United's board of directors as an accommodation to a friend, James E. Kelley, without the approval or consent of Mrs. DePinto.

The district court regarded as immaterial, DePinto's statement that he did not intend to protect or benefit the marital community of the plaintiffs by service as a director of United. The court held that the surrounding circumstances, rather than DePinto's present statement of his purpose at the time of the transactions in question, should be considered in determining whether a community purpose was involved. Relying upon a presumption under Arizona law that a debt incurred by a married man during coverture is a community obligation,[9] the district court held that the service of De-Pinto on the board of directors of United was for a community purpose and was beneficial to the community of the plaintiffs.

In reaching this conclusion the court stated that directors of corporations enjoy positions of prestige and high status in the community which, without more, confer a benefit upon the community.

7. In Cosper v. Valley Bank, 28 Ariz. 273, 237 P. 175 (1925), the Arizona Supreme Court held that community property could not be reached to satisfy a husband's separate contractual debts. Defendants contend that the recent holding in *Gardner*, to the effect that alimony owed to a former wife by a husband can be satisfied out of the community property of the husband and new wife, severely limits the holding in *Cosper* and the subsequent decisions which have relied upon *Cosper*.

Defendants assert that *Cosper* now stands for the narrow principle that "community property cannot be reached to satisfy separate *contractual* debts of the husband." (Emphasis added by defendants.) We do not agree. In *Gardner*, a limited exception to ordinary community property rules was allowed in the case of alimony to a former wife for "public policy" reasons, and presumably not because of any general *policy* to thereafter make the community liable for all of a husband's separate non-contractual liabilities.

8. "Plaintiffs, and each of them, have not at any time owned any corporate stocks, bonds or other securities issued by United Security Life and have not received any compensation, or expected to receive any compensation or benefits of any kind, from United Security Life. Plaintiff Angus J. DePinto served upon the Board of Directors of United Security Life solely as an accommodation to one James E. Kelley and without the approval or consent of plaintiff Margaret S. DePinto. Plaintiff Angus J. DePinto did not serve as a member of the Board of Directors of United Security Life with the intent and purpose of protecting or benefitting [sic] the marital community of the plaintiffs. Plaintiff Angus J. DePinto's acts and omissions as such director were not connected with, in aid of or for the benefit of the marital community of plaintiffs."

9. The district court cited Donato v. Fishburn, 90 Ariz. 210, 367 P.2d 245, 246, and Osborne v. Massachusetts Bonding and Insurance Co., D.C.Ariz., 229 F. Supp. 674, 678, in support of the proposition that this presumption could only be overcome by the plaintiffs by clear and convincing evidence to the contrary. No issue is taken with this district court ruling on these appeals.

The court also stated that, in this case, there were additional benefits conferred upon plaintiffs' community. Among these were the following: (1) because DePinto, who is a practicing physician specializing in obstetrics, was a director of United, his name was circulated among stockholders, prospective stockholders, policy holders and directors, which resulted in an ethical form of advertising for a physician and surgeon; (2) DePinto's act in accepting a position on the board of United to accommodate a friend, fostered a community purpose by furthering the friendship between the DePintos and the Kelleys; and (3) as a director of United, DePinto had the right to vote for and receive fees for performing services as a director, even though he did not choose to do so.

■ The facts from which the district court drew these above-mentioned inferences are not in dispute. These inferences which the trial court drew, to the general effect that DePinto's service as a director of United served a community purpose, were reasonable and proper. It follows that the trial court did not err in denying DePinto's motion for a preliminary injunction.

Additional considerations are presented concerning the entry of summary judgment for defendants, dismissing the action.

As noted above, plaintiffs filed three affidavits in opposition to defendants' motion for summary judgment. One of these was that of Angus DePinto. He alleged in his affidavit that he was so fully occupied with his medical practice during his term as director of United, that he had no reason to engage in activities designed to increase the number of prospective patients. He further alleged that United was a small and obscure concern and, therefore, his directorship could not and did not lend status or prestige to him, or contribute in any way to his medical practice. He also alleged that the circulation of his name to stockholders and policy holders of United did not constitute the advertising of his medical practice, and that the friendship

between the DePintos and the Kelleys did not depend upon his service as a director of United.

Another affidavit was given by Joseph S. Lentz, a doctor of medicine and a director of another life insurance company. Based upon his acquaintance with DePinto and his experience as a doctor and as a director of another life insurance company. Lentz expressed the opinion that DePinto's service as a director of United " * * * could not have been of any benefit, financial or otherwise, to Dr. DePinto or to the marital community * * *." He also expressed the opinion that DePinto's service as a director of United could not have been expected to, and did not, enhance the status or prestige of DePinto as a practicing obstetrician or otherwise, and did not contribute or tend to contribute in any way to DePinto's medical practice. Lentz also expressed the opinion that the circulation of DePinto's name as a director of United to its stockholders, policy holders and members of the public, did not constitute the advertising of DePinto's practice as an obstetrician.

The third affidavit offered by DePinto was that of Paul M. Roca, a practicing attorney in Phoenix, Arizona. Roca alleged that he is one of the authors of the Arizona Insurance Code and specializes in the practice of insurance law, including the organization and operation of insurance companies. Roca handled the legal work in connection with the organization of United in 1952, and acted as its legal counsel until March, 1955. He is acquainted with DePinto and vouched for DePinto's reputation as a competent and successful obstetrician practicing in Phoenix.

Referring to information provided to him concerning DePinto's connection with United, Roca expressed the opinion that such activity did not contribute to or enhance DePinto's status and prestige in the community. Nor could it, Roca averred, have constituted advertising of DePinto's practice as an obstetrician which would have had any value or resulted in any benefits to the DePin-

to community. Roca expressed the further opinion that, at the time DePinto became director of United, it could not have been expected that the DePinto marital community would receive any benefit from DePinto's directorship.

As noted above, except for these affidavits, the trial court justifiably relied upon undisputed facts in drawing the inference that DePinto's service as director of United served a community purpose. Therefore, the initial question which we must resolve in determining whether the trial court erred in granting summary judgment for defendants, is whether the above-described affidavits injected a genuine issue as to any material fact, within the meaning of Rule 56(c), Federal Rules of Civil Procedure. If so, then entry of summary judgment was improper regardless of the ultimate finding as to such genuine issues of fact. See Britt v. Damson, 9 Cir., 334 F.2d 896, 902.

In one of their specifications of error, plaintiffs assert that there is here a genuine issue as to material facts. In their reply briefs, however, they state: "We concede that there can be little dispute about the evidentiary facts in this case." Thus plaintiffs apparently recognize, as is plainly the case, that the affidavits in question do not contain allegations of fact, as such, but expressions of opinion concerning the effect DePinto's service as director of United could, or did have, on the DePinto community.

Rule 56(e) requires that evidentiary affidavits filed in connection with motions for summary judgment be made "on personal knowledge." Hearsay testimony and opinion testimony that would not be admissible if testified to at the trial may not properly be set forth in such an affidavit. See Engelhard Industries, Inc. v. Research Instrumental Corp., 9 Cir., 324 F.2d 347, 351; G. D. Searle & Co. v. Chas. Pfizer, 7 Cir., 231 F.2d 316, 318; 6 Moore's Federal Practice, 2d Ed., § 56.22, pages 2806–2808.

Parts of the affidavits reviewed above consist of inadmissible hearsay.

DePinto's affidavit presents material which would be largely inadmissible because self-serving. For the most part all three affidavits consist of inadmissible expressions of opinion by non-experts on the ultimate issue of fact which the trial court must resolve—whether DePinto's service as a director of United served, or could have been expected to serve, a community purpose. So analyzed, these affidavits cannot be said to interject genuine issues of material fact into a case where such issues are otherwise undisputed.

With regard to the order denying the motion for preliminary injunction, we stated that the inferences drawn by the trial court from the undisputed facts, to the effect that in serving as a director of United DePinto served a community purpose, were reasonable and proper. We reach the same conclusion with regard to the similar inferences drawn by the trial court as a prerequisite to entry of a summary judgment dismissing the action.

The order and judgment under review are affirmed. The motion to dismiss the appeals is denied as moot.